Daniel P. HOSTETLER, and Brenda K. Hostetler, Appellants (Plaintiffs Below),

v.

STATE FARM FIRE AND CASUALTY COMPANY, Appellee (Defendant Below).

No. 27A04–8710–CV–332.

Court of Appeals of Indiana, Fourth District.

April 28, 1988.

---

David M. Payne, Ryan, Welchons & Payne, Marion, for appellants.

Jerome T. Holderead, Browne Spitzer Herriman Browne Stephenson & Holderead, Marion, for appellee.

CONOVER, Judge.

Plaintiffs–Appellants Daniel and Brenda Hostetler (Hostetlers) appeal from the trial court's grant of summary judgment in favor of Defendant–Appellee State Farm Fire and Casualty Company (State Farm) in a case to recover for damages under an insurance policy.

We affirm.

The sole issue presented on appeal is whether the trial court erred in granting State Farm's motion for summary judgment.

The Hostetlers purchased their home in December, 1976. Thereafter, State Farm issued an insurance policy covering it against damage from snow and ice, but excluding loss from structural defects.

In March, 1984, after a period of heavy snow, the Hostetlers noticed their roof sagging and filed a claim for $3,597.16 with State Farm for roof and ceiling damage. State Farm denied the claim, believing the damage was not caused by ice and snow. The Hostetlers then initiated the current action to recover for damages under the insurance policy. State Farm filed a motion for summary judgment which was granted by the trial court. The Hostetlers contend summary judgment was inappropriate because a genuine issue of material fact exists regarding the cause of their sagging roof.

Summary judgment is appropriate only in limited situations. Ind. Rules of Procedure, Trial Rule 56 provides in part

(C) *Motion and Proceedings Thereon.*

... The [summary] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, admissions and affidavits filed pursuant to Trial Rule 5(D), together with any testimony show that there is *no genuine issue as to any material fact,* and that *the moving party* is entitled to judgment *as a matter of law.....*

(E) *Form of Affidavits—Further Testimony—Defense Required....*

When a motion for summary judgment is made and *supported as provided in this rule,* an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, *if appropriate,* shall be entered against him.... (Emphasis supplied).

Thus, the moving party carries the burden of establishing:

(a) there is no issue as to any material fact, and

(b) he is entitled to judgment as a matter of law.

*Hinkle v. Niehaus Lumber Co.* (1987), Ind. App., 510 N.E.2d 198, 200, *reh. denied.* The moving party must fulfill these two requirements before any burden shifts to the non-movant. *Id.*

■ In *Hinkle,* we discussed this proposition stating

The method of ascertaining whether a material factual issue exists is as follows: Facts alleged in the complaint are taken as true except to the extent that they are negated by other pleadings, depositions, answers to interrogatories, affidavits, or other evidence presented by the moving party. (citing cases) All of which amounts to requiring the party moving for summary judgment to shoulder the burden of establishing the lack of material factual issue.... Once the movant makes such a showing, the opposing party may not rest on his pleadings, but must then demonstrate the existence of a genuine issue for trial. (citing cases)

*Hinkle, supra,* at 200, quoting *Kahf v. Charleston South Apartments* (1984), Ind. App., 461 N.E.2d 723, 729, *trans. denied.* Therefore, the nonmovant may rest upon his pleadings until the moving party establishes no genuine factual issue exists. *Hinkle, supra,* at 200–201. If, however, the moving party successfully demonstrates no genuine issue exists, the nonmoving party must show the presence of such a fact to stave off summary judgment. *Fort Wayne Community Schools v. Fort Wayne Education Association, Inc.* (1986), Ind.App., 490 N.E.2d 337, 339; *Conard v. Waugh* (1985), Ind.App., 474 N.E.2d 130, 134. In doing so, the non-moving party may not merely rest upon his pleadings, but his response must set forth specific facts indicating an issue of material fact exists. *Raymundo v. Hammond Clinic Assoc.* (1983), Ind., 449 N.E.2d 276, 281; *Popp v. Hardy* (1987), Ind.App., 508 N.E.2d 1282, 1284; *Fort Wayne Community Schools, supra,* at 340; Ind. Rules of Procedure, T.R. 56(E). If the nonmovant fails to meet this burden, summary judgment may be granted. *Raymundo, supra,* at 280; *Williams v. Lafayette Production Credit Association* (1987), Ind.App., 508 N.E.2d 579, 582, *reh. denied; Conard, supra,* at 134; Ind. Rules of Procedure, T.R. 56(E).

■ When reviewing the grant of a summary judgment motion, we stand in the shoes of the trial court. *Hinkle, supra,* at 201. All evidence must be construed in favor of the nonmovant and all doubts as to the existence of a material issue must be resolved against the movant. *Raymundo, supra,* at 280; *Hinkle, supra,* at 201; *Penwell v. Western & Southern Life Ins. Co.* (1985), Ind.App., 474 N.E.2d 1042, 1044; *Kahf, supra,* at 729. Even if facts are not in dispute, summary judgment is inappropriate if conflicting inferences arise. *Hinkle, supra,* at 201; *Board of Aviation Commissioners of St. Joseph County v. Hestor* (1985), Ind.App., 473 N.E.2d 151, 153.

■ Summary judgment is not a substitute for a trial to resolve factual disputes. Though the trial court may believe the

**1360**

nonmovant will be unsuccessful at trial, summary judgment should not be granted where material facts are disputed or conflicting inferences arise. *Hinkle, supra,* at 201.

In the present case, State Farm submitted two affidavits and an accompanying report in support of its motion for summary judgment—the report and one affidavit were from an engineer who inspected the Hostetler's house and the other affidavit was from the house's builder. The affidavits and report stated the sagging roof was the result of faulty design and construction, and specifically rejected snow and ice damage as a possible cause.

In response to State Farm's motion, the Hostetlers, in oral argument and depositions, merely reasserted the identical claim set forth in their complaint, namely, the snow and ice caused the damage to their roof. In their depositions, the Hostetlers admitted to having no expertise or training in home construction, but instead based their claim solely on "common sense."

■ The trial court was correct in granting State Farm's motion for summary judgment. State Farm, as the moving party, successfully demonstrated the absence of a genuine issue of material fact. It then became incumbent upon the Hostetlers to set forth specific facts showing the presence of such an issue. The Hostetlers did nothing more than reassert their own opinions and conclusions which is not sufficient to oppose a motion for summary judgment. *McMahan v. Snap On Tool Corp.* (1985), Ind.App., 478 N.E.2d 116, 122; *Indiana University Hospital v. Carter* (1983), Ind. App., 456 N.E.2d 1051, 1057, *reh. denied.* Thus, the Hostetlers failed to meet their burden of demonstrating the existence of a genuine issue for trial.

Affirmed.

MILLER, P.J., concurs.

GARRARD, P.J., concurs in result.