Jean Grunert KOPEC, Special Administratrix of the Estate of Norman Kopec, Deceased, Plaintiff–Appellant,

v.

MEMORIAL HOSPITAL OF SOUTH BEND, INC., Defendant–Appellee.

No. 20A03–8903–CV–276.

Court of Appeals of Indiana, Third District.

Aug. 15, 1990.

C. Warren Holland, Michael W. Holland, Holland & Holland, Indianapolis, for plaintiff-appellant.

Michael L. Carter, LaCava, Zeigler & Carter, Indianapolis, for defendant-appellee.

GARRARD, Judge.

This is an appeal from summary judgment entered in favor of a hospital in a medical malpractice case.

Plaintiff's decedent was a patient at Memorial Hospital from September 1, 1983 to October 5, 1983. He was suffering from a pseudomonas infection. On October 5, 1983 he was transferred to St. Vincent's Hospital in Indianapolis where he died on October 14, 1983.

Jean Kopec filed a proposed complaint alleging wrongful death in August 1985. In her complaint she named Drs. Engel, Snell, Hunt, Stinson and Kletzing as well as Memorial Hospital. On December 7, 1987 a medical review panel found unanimously in favor of all doctors and Memorial Hospital. Its opinion stated in part:

> With respect to Memorial Hospital of South Bend, the evidence does not support the conclusion that it failed to meet the applicable standard of care as charged in the proposed complaint.

Kopec filed suit on February 11, 1988. The doctors and the hospital moved for summary judgment and supported their motion with the opinion of the medical review panel. On August 30, two days before the hearing on the motion, Kopec filed a memorandum in opposition to the motion with an attached affidavit from Martin J. Raff, M.D. The defendant doctors' motions were denied. Memorial Hospital's motion was granted on January 20, 1989.

Kopec contends the trial court incorrectly granted Memorial Hospital's motion for summary judgment because she demonstrated through Raff's affidavit that there were genuine issues of material fact on the question of whether the hospital's conduct fell below the appropriate standard of care, thus breaching its duty to Mr. Kopec.

When reviewing the grant of a summary judgment motion, we stand in the shoes of the trial court. All evidence must be construed in favor of the opposing party and all doubts as to the existence of a material issue must be resolved against the moving party. *Hostetler v. State Farm Fire and Casualty Co.* (1988), Ind.App., 521 N.E.2d 1357, 1359. Though the trial court may believe the opposing party will be unsuccessful at trial, summary judgment should not be granted where material facts are disputed or conflicting inferences arise. *Id.* at 1360.

In order to succeed in her claim against the hospital, Kopec is required to establish (1) that the hospital owed Mr. Kopec a duty, (2) that it breached its duty, and (3) that the breach was a proximate cause of a compensable injury. *Watson v. Medical Emergency Services* (1989), Ind. App., 532 N.E.2d 1191; *Stumph v. Foster* (1988), Ind.App., 524 N.E.2d 812. Ordinarily, to establish the breach of duty the plaintiff must proffer expert opinion testimony that the care provided failed to accord with the average degree of skill possessed and exercised by (hospitals operating) in similar localities. *Marquis v. Battersby* (1982), Ind.App., 443 N.E.2d 1202; *Bassett v. Glock* (1977), 174 Ind.App. 439, 368 N.E.2d 18.

The hospital supported its motion for summary judgment with the opinion of the medical review panel. Although stated in the barest conclusory language, that opinion is expressly made admissible at trial by statute. *See* IC 16–9.5–9–9. The hospital then asserts that Kopec failed to establish the existence of a genuine issue of fact concerning any of the three basic elements of her claim. We disagree.

The hospital's duty (to use reasonable care) arose from Mr. Kopec's status as a patient. That status was admitted by the hospital in the pleadings. The hospital's argument that Kopec failed to elicit facts showing what the standard of care requires is beside the point on the issue of duty.

It is concerning the breach of that duty where plaintiffs are most likely to stumble. It is then that they must ordinarily show

evidence of more than the action or inaction about which they are complaining. They must present evidence that such acts or omissions fail to meet the average degree of care or skill practiced by similar health care providers operating in the same or similar localities. In order to do so they normally must produce the opinion of a qualified expert to that effect.

■ Kopec opposed the summary judgment with the affidavit of Martin J. Raff, M.D. The affidavit recited Dr. Raff's training and experience and asserted:

> 13. I am familiar with the standard of care applicable in and to a hospital in communities similar to South Bend, Indiana, in 1983 and at present. It is my professional opinion, based on a reasonable degree of medical certainty, that the Defendant, Memorial Hospital of South Bend, by and through its employees, deviated from the standard of appropriate care with respect to the care rendered to Norman Kopec. It is my professional opinion, based on a reasonable degree of medical certainty that the instances of the failure to meet the standard of care include, but are not necessarily limited to the failure to appropriately monitor the patient's condition while he was receiving antibiotic therapy. It is my opinion, based on a reasonable degree of medical certainty that such failure to meet the standard of care concurred with the negligence of the other Defendants herein to proximately cause the death of Norman Kopec.

Thus, we are not confronted with a case where a plaintiff failed to locate a medical expert or secure an opinion of malpractice. The hospital's contention is that the opinion of Dr. Raff is inadequate under Indiana Rules of Procedure, Trial Rule 56 because it states conclusions rather than facts.

While the affidavit certainly lacks desirable richness from its failure to recite more factual data, that is not the controlling question. It is expert medical opinion concerning breach of duty and causation that plaintiff must possess to demonstrate the existence of an issue for trial. Such an opinion, albeit a conclusion, is admissible in evidence when a proper foundation has been laid. In other words, we are here dealing with an instance in terms of TR 56 where conclusions may be properly testified to at trial.

■ Because of Indiana's adherence to the "locality rule" the expert is not qualified to give his opinion that a provider breached the appropriate standard of care unless he is familiar with what constitutes the average of skill practiced in the locality in question or similar localities. Raff's affidavit asserted that he was familiar with that standard and such a bare assertion was held adequate to resist summary judgment in *Yang v. Stafford* (1987), Ind.App., 515 N.E.2d 1157, 1162.

Secondly, the affidavit asserts that the hospital breached the standard by failure to appropriately monitor the patient's condition while he was receiving antibiotic therapy and, thirdly, that this failure was a contributing proximate cause of death.

Of course, these opinions would be greatly enhanced by detailing the factual circumstances upon which they were based. Numerous cases, however, have treated such detailing as affecting the weight and credibility to be given the opinion rather than its admissibility. *See, e.g., Martin v. Roberts* (1984), Ind., 464 N.E.2d 896, 899 ("[T]he specific knowledge of an expert witness is neither determinative of the witness' qualifications as an expert nor of the admission of his opinion into evidence."); *Travelers Indemnity Co. v. Armstrong* (1982), Ind., 442 N.E.2d 349, 365 (His competency is to be determined by his knowledge of the subject matter generally, whereas his knowledge of the specific subject of the inquiry goes to the weight to be accorded his opinion."); *City of Bloomington v. Holt, Admr.* (1977), 172 Ind.App. 650, 361 N.E.2d 1211, 1220. This is true in large part because of the broad discretion granted trial courts in the admission of expert testimony and the propriety of permitting experts to testify to ultimate facts. Thus, the expert opinion must be viewed from

that perspective when we are applying TR 56.

Here no challenge has been presented as to the qualifications of Dr. Raff to state an opinion.[1] For purposes of opposing summary judgment the opinion he stated in the affidavit meets the minimum standards for admissibility. It follows, therefore, that the court erred in granting summary judgment. For that reason we need not address Kopec's second assertion of error.

The summary judgment is reversed and the case is remanded to the trial court for further proceedings.

HOFFMAN, P.J., and STATON, J., concur.

---

1. To the extent that the hospital's argument concerning the failure of the affidavit to detail what conduct would meet the standard of care may be interpreted as a challenge to qualifications, it is answered by *Yang, supra.*