Sylvia BETHKE, Appellant–Plaintiff,

v.

Kenneth GAMMON, M.D.,
Appellee–Defendant.

No. 20A03–9007–CV–265.

Court of Appeals of Indiana,
Third District.

Aug. 6, 1991.

Publication Ordered Oct. 22, 1991.

---

J. Christopher Warter, South Bend, Charles V. Vaughan, Lafayette, for appellant-plaintiff.

Robert J. Palmer, Maggie Mawby Chipman, D. Andrew Spalding, May, Oberfell & Lorber, South Bend, for appellee-defendant.

GARRARD, Judge.

This is a medical malpractice action to recover for injuries by plaintiff and her decedent as the result of an intubation procedure performed on Mr. Bethke on December 17, 1985. The defendant physician, a specialist in pulmonary medicine, encountered difficulties in completing the intubation that resulted in the procedure taking approximately 13 to 14 minutes to complete. During the procedure Mr. Bethke suffered a respiratory and a cardiac arrest. Although he was revived he allegedly suffered brain damage which ultimately led to his death.

A medical review panel determined that the evidence failed to support the conclusion that the defendant, Dr. Gammon, failed to comply with the appropriate standard of care. It further concluded that the conduct complained of on the part of Dr. Gammon was not a factor in the resultant damages.

After suit was commenced the doctor moved for summary judgment. Bethke opposed the motion relying upon a deposition taken of Dr. Gammon and an affidavit submitted by Bethke's expert, Dr. Schroeder. The trial court granted summary judgment for Dr. Gammon on the basis that the plaintiff had failed to establish a genuine issue for trial because (1) Dr. Schroeder's affidavit failed to establish his knowledge of the appropriate standard of care, and (2) failed to establish proximate cause. We agree with both reasons.

As set forth in *Wilson v. Sligar* (1987), Ind.App., 516 N.E.2d 1099, 1102, and *Ellis v. Smith* (1988), Ind.App., 528 N.E.2d 826, 829, in order to establish a claim of medical malpractice a plaintiff must establish that her medical expert is familiar with the standard of care in the same or similar locality as the one where the procedure was performed, or that there are certain minimum standards of care that are uniform throughout the country for the particular practice. The expert must then

assert wherein the defendant breached the standard of care and that his negligence in doing so was a proximate cause of the injuries complained of.

■ Dr. Schroeder's affidavit contains no assertion that there is any applicable minimum standard uniform throughout the country for pulmonary care specialists, or any other physicians, in performing intubations.

He asserted that he received his medical degree in 1975, was certified in family practice in 1978, practiced in Illinois until 1988 and then moved to Wisconsin. Since that time he has been on the medical staff of Employers Health Insurance. The affidavit asserts that he is aware of the customary and ordinary standard of medical care in a community like Elkhart, Indiana because he resides and is employed in Green Bay, Wisconsin, which he asserts is a community comparable to Elkhart without any specification whatever as to why that is so. Additionally, he asserts that he regularly reviews the files of patients "to determine the appropriate standard of care throughout the United States" in his position with Employer's.

He further asserts that in his opinion, given the information available to the treating physician, prudent medical procedure would have been to call in an anesthesiologist to perform the intubation because they are more skilled in performing the procedure and the failure to do so was below the acceptable standard of care.

Initially, we note that the circumstances here are different from those in *Kopec v. Memorial Hosp.* (1990) Ind.App., 557 N.E.2d 1367 since here the qualifications of Dr. Schroeder were challenged at the summary judgment. In addition, the present affidavit specifically, but inadequately, asserts the basis upon which the doctor depended for his assertion. Having premised the asserted familiarity upon his residence in Green Bay, it was necessary to show why the communities were similar for medical purposes. Also, the affidavit does not speak to 1985 when the intubation was performed, but instead reveals that at that time Dr. Schroeder was engaged in practice in Illinois. The court did not err in concluding Bethke failed to establish a proper foundation for reception of the doctor's opinion.

■ Additionally, the court correctly determined that Bethke failed to establish a genuine issue of causation. Admittedly, Dr. Schroeder's affidavit did not address the subject. Bethke contends, however, that this omission was cured by the admission of Dr. Gammon in his deposition that the intubation took 13 to 14 minutes and should only have taken about 30 seconds. The critical flaw in this argument is the total lack of any evidence that an anesthesiologist (or any other physician, for that matter) would not have encountered precisely the same difficulties with the patient and the process that Dr. Gammon encountered and taken the same extraordinary amount of time to complete the process. Bethke therefore failed to establish any genuine issue of causation.

Affirmed.

STATON, J., concurs.

MILLER, P.J., concurs in result and files separate opinion.

MILLER, Presiding Judge, concurring in result.

I concur in result. The majority believes there are three things wrong with Shroeder's affidavit. I think there are two. I agree that 1) Shroeder's affidavit was insufficient to demonstrate that he was familiar with the standard of care for a *specialist* in pulmonary diseases and critical care medicine and 2) the affidavit did not establish a genuine issue regarding causation—although Shroeder claimed that an anesthesiologist should have been called to perform the procedure, he did not allege that the failure to do so—or that any act or omission of Dr. Gammon—proximately caused Bethke's injuries or death. However, I disagree with the majority's conclusion that Shroeder could *not* demonstrate competency to testify as an expert based solely on his statement that he was familiar with the standard of care because he

practiced in a "comparable" community, Green Bay, Wisconsin. Although, admittedly, the affidavit does not show why the communities were similar for medical purposes, such explanation is not required in a summary judgment situation. *See Yang v. Stafford* (1987), Ind.App., 515 N.E.2d 1157; *Summit Bank v. Panos, M.D.* (1991), Ind. App., 570 N.E.2d 960.