Charles RUPERT and Rachel Rupert,
Appellants–Plaintiffs,

v.

MACHINE TOOL CORP. and Cushman
Industries, Inc., Appellees–
Defendants.

No. 41A01–9409–CV–286.

Court of Appeals of Indiana,
First District.

March 9, 1995.

Publication Ordered Feb. 27, 1996.

John C. Grimm, Grimm & Grimm, Auburn, for Appellants.

Thomas R. Schultz, Robert W. Wright, Locke Reynolds Boyd & Weisell, Indianapolis, for Appellees.

ROBERTSON, Judge.

Charles and Rachel Rupert appeal the grant of summary judgment in favor of Machine Tool Corporation and Cushman Industries, Inc., in the Ruperts' lawsuit for injuries which Charles sustained in the use of a chuck on a lathe he had operated. Cushman had manufactured the chuck, and Machine Tool had sold the lathe and the chuck to Charles' employer. In its order, the trial court stated that the Ruperts had not presented sufficient evidence to establish a genuine issue of material fact regarding defective and unreasonably dangerous conditions. The Ruperts claim the determination is contrary to law and an abuse of discretion. We affirm.

In their complaint, the Ruperts alleged that, when sold, the chuck was in a defective condition and was unreasonably dangerous to foreseeable users. They further alleged that Machine Tool and Cushman knew or should have known about the dangerous and defective condition when they had placed the chuck in the stream of commerce. The Ruperts claimed that, on March 8, 1989, Charles

was operating the lathe containing the chuck and, in the process of attempting to turn the chuck, severely injured both of his shoulders.

Cushman and Machine Tool moved for summary judgment. They designated certain material in support of the motion. One item designated was the affidavit of Loren Beal, a Cushman employee. He affirmed that Cushman had received the allegedly defective chuck and had found no problems with it. He further affirmed that he had attended a testing of the chuck at Machine Tool, at which time the chuck was run in a lathe represented to be the same model number as the lathe sold to Charles' employer and that the chuck had performed without any defect or problem during the testing. Another item designated in support of summary judgment was the affidavit of Brian Jones, a Machine Tool employee. He affirmed that Machine Tool had received the allegedly defective chuck. He further affirmed that he and others in the company had examined the chuck and had found no defect. He also affirmed that he had attended a testing of the chuck at Machine Tool, at which time the chuck was run in a lathe which was the same model number as the lathe sold to Charles' employer and that the chuck performed without any defect during the testing. Other items designated for summary judgment purposes were the Ruperts' responses to requests for admissions, which stated, in pertinent part:

> *REQUEST NO. 3:* That plaintiffs possess no evidence that the chuck was in a defective condition or unreasonably dangerous when it was sold by Cushman Industries, Inc.
>
> *RESPONSE:* Denied. The chuck manufactured by Cushman Industries, Inc. and which was on the machine delivered by Machine Tool Co. to Halex failed to open on multiple occasions in the presence of numberous [sic] witnesses including plaintiff herein from the date of its arrival until such time as it was removed from the machine at the direction of Halex management and personnel when they were unable to open it.

> *REQUEST NO. 4:* That plaintiffs have no evidence of any mechanical defect in the chuck.
>
> *RESPONSE:* Denied. There is an obvious mechanical defect in the chuck which led to its failure to open on multiple occasions. Plaintiff has no idea what has been done to the chuck since it has been in the possession of the defendants.

> *REQUEST NO. 5:* That plaintiffs have no expert witness who will testify that the chuck is defective or unreasonably dangerous.
>
> *RESPONSE:* Admitted, however, plaintiffs are in the process of procuring an expert to determine the metalurgical [sic] qualities of the chuck and will submit said evidence upon the defendants permitting the plaintiffs to have physical possession of the chuck for such non destructive tests.

When we review a ruling on a motion for summary judgment, we apply the same standards as the trial court. *Hamilton v. Roger Sherman Architects* (1991), Ind. App., 565 N.E.2d 1136, 1137. The judgment sought shall be rendered forthwith if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ind.Trial Rule 56(C). We review the matter in the light most favorable to the nonmovant. *See Hamilton,* 565 N.E.2d at 1137.

The central element involved in the Ruperts' strict liability claim is the basic requirement that a product must be in a defective condition unreasonably dangerous for the manufacturer or seller to be liable for the plaintiff's injuries. *See Hamilton,* 565 N.E.2d at 1137 (quoting Ind.Code 33–1–1.5–3). "Unreasonably dangerous" refers to any situation in which the use of a product exposes the user or consumer to a risk of physical harm to an extent beyond that contemplated by the ordinary consumer who purchases it with the ordinary knowledge about the product's characteristics common to the community of consumers. I.C. 33–1–1.5–2.

With the designated evidentiary material, Cushman and Machine Tool have shown that

the Ruperts claim is essentially this: the chuck was unreasonably dangerous because it failed to open on multiple occasions. The designated evidentiary matter, when considered in the light most favorable to the Ruperts, supports the inference that Charles was injured when he tried to open the stuck chuck.

We cannot support the view that a stuck chuck is unreasonably dangerous under these circumstances. No reasonable juror could find the risk of opening such a chuck and thereby receiving injuries was beyond the risk of harm to an ordinary user of lathe equipment to an extent beyond that contemplated by an ordinary consumer of such equipment who purchases it with ordinary knowledge about its characteristics common to the community of such consumers. The use of lathe equipment requires closing the chuck to fasten raw materials in the lathe and opening the chuck to unfasten the finished materials. Common experience confirms that sometimes chucks get stuck. The chuck in question might well have been defective in its operation. Moreover, the risk of injury in an attempt to force it open might have been dangerous. Any defect was not, however, unreasonably dangerous. Such risk of physical harm is normal and contemplated within a consumer's ordinary knowledge about the product's characteristics. *See e.g., Hamilton,* 565 N.E.2d at 1138 (40 inch high counter top not unreasonably dangerous).

Through their designated evidentiary matter, Cushman and Machine Tool established the lack of any genuine issue of material fact about whether the alleged defect in the chuck was unreasonably dangerous. The Ruperts did not, in response, set forth specific facts to show the alleged defect in the chuck was unreasonably dangerous and therefore did not meet their burden to demonstrate the existence of a genuine issue for trial. *See Indiana State Police Department v. Swaggerty* (1987), Ind.App., 507 N.E.2d 649, 651, *trans. denied; Hostetler v. State Farm Fire & Casualty Co.* (1988), Ind.App., 521 N.E.2d 1357, 1359. The trial court appropriately granted summary judgment in favor of Cushman and Machine Tool.

Judgment affirmed.

CHEZEM and HOFFMAN, JJ., concur.

### ORDER

This Court having heretofore on March 9, 1995 handed down its opinion in this appeal marked "Memorandum Decision, Not for Publication"; and

The appellees, by their counsel, having thereafter filed their Motion for Publication and this Court having thereafter issued its order requiring the appellants to show cause within fifteen (15) days from the date of that Order why this Court's opinion previously handed down as a "Memorandum Decision, Not for Publication" should not now be ordered published; and

The appellants having failed to show cause, the Court now finds that its opinion should now be ordered published.

IT IS THEREFORE ORDERED that the appellees' Motion for Publication is granted and this Court's opinion heretofore handed down on March 9, 1995 marked "Memorandum Decision, Not for Publication" is now ordered published.