No. 46,107

Leonard J. Johnson, *Appellant*, v. Farha Village Supermarkets, Inc., a corporation, *Appellee*.

(491 P. 2d 904)

Opinion filed December 11, 1971.

*Bradley Post*, of Michaud & Cranmer, of Wichita, argued the cause, and *Orval L. Fisher*, of Wichita, was with him on the brief for appellant.

*Richard I. Stephenson*, of Fleeson, Gooing, Coulson & Kitch, of Wichita, argued the cause, and *John E. Rees*, of the same firm, was with him on the brief for appellee.

The opinion of the court was delivered by

Fatzer, C. J.: This is a "slip and fall" case. The accident occurred on August 29, 1968, at approximately 10:45 p. m. in appellee's self-service grocery store in Wichita, Kansas.

The appellant entered alone and was shopping for several items. He walked down the west aisle and picked up bread; he began to proceed to another location in the supermarket when he slipped on a grape on the floor and fell. He did not see any grapes prior to the fall, but after his fall he noticed a "mashed grape" on the sole of his shoe and a wet spot on the floor that resulted from slipping on the grape. He also observed several other grapes on the floor in that vicinity; the observation was subsequent to the fall.

Following the accident, the appellant's call for assistance was responded to by one of the appellee's employees, Robert Stack, a checker in the supermarket. Upon reaching the accident site, Stack observed ten to fifteen loose grapes scattered on the floor. He was

deposed, and said he saw several mashed grapes and was uncertain whether they were mashed by the appellant or other customers.

Another of the appellee's employees, Stephen McKelvey, in an unsworn statement said he called an ambulance, his employer, and the appellant's wife. After the ambulance attendants removed appellant, McKelvey went to the scene of the accident. He observed loose grapes on the floor around that area and assisted in picking up the loose grapes off the floor; some were squashed, some were not.

One of appellee's "courtesy boys", Randy Cook, was responsible for sweeping the floors on the evening of the accident. Cook's deposition indicates the floors were swept at approximately 5:00 p. m., and around 7:30 that evening. During the second sweeping, he observed grapes on the floor under the produce display counter on the other side of the store where the grapes were located.

The pretrial order raised eight allegations of negligence on the part of the appellee, its agents, or employees: Causing or permitting grapes to lay in aisle on floor; failure to adequately inspect the business; failure to warn plaintiff of grapes being on floor; negligence in displaying grapes; failure to package grapes; failure to have sufficient employees on duty; failure to adequately supervise and train employees, and failure to require written check lists.

The appellee filed a motion for summary judgment on September 11, 1970, which was sustained by the district court by letter on September 29, 1970. The rationale of the district court's decision for summary judgment was that the court failed to find any evidence to indicate the proprietor had actual notice of the grapes on the floor, or that any of its employees had any knowledge of the presence of the grapes on the floor prior to the appellant's fall.

The sole issue is whether the district court erred in sustaining the motion for summary judgment—the appellant contends the pretrial order disclosed genuine issues of material fact.

Summary judgment is not a proper method to dispose of a case if there is a genuine issue of material fact outstanding, disputed, or controverted by adverse parties. A genuine issue of material fact is one that is not a sham, one in which the dispute is not frivolous or so unsubstantial that trial of the issue would impose an injustice upon the judicial system—a system reserved for issues that have a solid foundation in fact and in law. Summary judgment is seldom proper in negligence cases because the issues of negligence and

contributory negligence are normally premised on controverted facts, a proper consideration for the jury in our system. (*Knowles v. Klase*, 204 Kan. 156, 460 P. 2d 444, and cases cited.) In *Knowles* we stated the general rules of law in regard to liability in cases of this character, as follows:

"A proprietor must use ordinary care to keep those portions of the premises which can be expected to be used by business invitees in a reasonably safe condition. *If an unsafe condition is created by the proprietor or those for whom he is responsible, or if it is traceable to their actions, proof of notice of the condition is unnecessary.* When a dangerous condition is neither created by the proprietor or those for whom he is responsible, nor traceable to their actions, proof of negligence with respect to a floor condition requires some showing they had actual or constructive notice of the dangerous condition. A proprietor may be charged with constructive notice of the condition if the condition existed for such length of time that the proprietor, his agents or employees *should have known* of it in the exercise of ordinary care." (l. c. 157.) (Emphasis supplied.)

We are of the opinion the district court erred in concluding there was no evidence from which a jury might find the appellee had constructive notice of the loose grapes on the floor.

Robert Stack's deposition states:

"Q. Could you take this pen—well, first were you at one of these checkout counters at the time that you heard Mr. Johnson calling for help?

"A. Yes, I was.

"Q. Could you take—I'll borrow the reporter's marking pencil. Could you take this marking pencil and just make a small x to illustrate the area where you were.

"A. (Witness complies.)

"Q. You've made an x just north of the first checkout counter, is that correct?

"A. Yes.

"Q. Were you inside this counter?

"A. Yes, I was."

Randy Cook's deposition states:

"Q. (By Mr. Post) But at the time this incident occurred if a person in the number 1 check-out stand had looked he would have been able to see those grapes?

"A. Yes."

. . . . . . . . . . . . . .

"Q. So if these grapes were around that area, why, the person in that check-out stand, if he had been looking, would have seen them, wouldn't he?

"A. Yes."

Robert Stack's deposition further states:

"Q. Did you notice whether any of the grapes around in the area had been smashed, either by Mr. Johnson or by somebody else walking in the area?

"A. Did I notice if any grapes were smashed?

"Q. Yes.

"A. Yes. I noticed there was one smashed grape.

"Q. Did you see other smashed grapes nearby?

"A. Yes. Quite a—there was maybe two or three or four out of the bunch that somebody evidently stepped on them.

"Q. And did it appear that some of these other of these two or three or four had been smashed by someone other than Mr. Johnson?

"A. They could have been, yes.

"Q. Did it appear that those grapes had been there on the floor for some period of time?

"A. There's no way really of telling that."

. . . . . . . . . . .

"Q. These grapes that you saw that were smashed on the floor, did it appear to you that some of those would have had to have been smashed by other customers?

"A. Yes. Probably.

"Q. In other words, the ones that were smashed weren't all together in one place, they were several different places, is that correct?

"A. Yes."

The unsworn statement of Stephen McKelvey conflicts with the deposition of Randy Cook in that McKelvey stated the floor had not been swept since 6:00 p. m., almost five hours prior to the accident. McKelvey also stated business was pretty slow that evening and the employees had not swept the floors at regular scheduled times. It is arguable that Stack had a view of the area where appellant fell and could have seen the loose grapes. Some of those grapes could have been mashed by other customers, and probably were. Coupling the reasonable inferences from that evidence with the disputed fact as to when the floors were swept raises a genuine issue of material fact for a jury to find constructive notice because the appellee *should have known* there were grapes on the floor if it or its agents had used reasonable diligence. (*Elrod v. Walls, Inc.,* 205 Kan. 808, 473 P. 2d 12.)

The remedy of summary judgment should not be used as a method of achieving trial by affidavit. (*Brick v. City of Wichita,* 195 Kan. 206, 403 P. 2d 964.) Where genuine issues of fact are raised, the plaintiff is entitled to present his case to a jury of his peers which has an opportunity to evaluate the demeanor of witnesses and the evidence presented to make a fair and honest determination. That opportunity was denied in the instant case. As we held in *Jarnagin v. Ditus,* 198 Kan. 413, 424 P. 2d 265:

"When ruling on a motion for summary judgment, a court must resolve against the movant any doubt as to the existence of a genuine issue of material fact, the evidentiary material submitted by the party opposing the motion must be taken as true, and such party must be given the benefit of all reasonable inferences that may be drawn from such material." (Syl. ¶ 1.)

A full and complete review of the record requires that we conclude the district court failed to adhere to the admonition of the rule announced in *Ditus*. It is therefore ordered this case be reversed and remanded to the district court to proceed to trial in a manner not inconsistent with this opinion.

It is so ordered.

O' CONNOR and PRAGER, JJ., not participating.