JEANNIE LITTLE, Plaintiff-Appellant, v. METROPOLIS IGA FOODS, INC., Defendant-Appellee.

Fifth District   No. 5—88—0329

Opinion filed August 24, 1989.—Rehearing denied September 26, 1989.

Roy C. Dripps, of Talbert & Mallon, P.C., of Alton, for appellant.

Jeffrey P. Hine, of Oliver, Oliver, Waltz & Cook, P.C., of Cape Girardeau, Missouri, for appellee.

JUSTICE HOWERTON delivered the opinion of the court:

We reverse the summary judgment entered for defendant by the circuit court of Massac County.

Plaintiff sued defendant claiming she fell after slipping on grapes that were on the floor of defendant's grocery store.

Defendant submitted an affidavit in support of its motion for summary judgment.

Plaintiff neither filed a counteraffidavit, nor presented any evidence in opposition to the motion for summary judgment and the affidavit, but stood on the allegations in her complaint.

Our threshold concern, therefore, is the effect that the affidavit in support of the motion for summary judgment has on the pleadings. If it supplies evidentiary facts which, if uncontradicted, would entitle defendant to judgment, then plaintiff cannot rely on her pleadings alone to raise issues of material fact. *In re Estate of Garbalinski* (1983), 120 Ill. App. 3d 767, 770, 458 N.E.2d 1065, 1068.

Plaintiff's complaint alleged that defendant was negligent in:

(a) failing to clean up the grapes from the floor when defendant knew or should have known in the exercise of ordinary care that the grapes posed a hazard to its customers, including plaintiff;

(b) failing to warn customers, including plaintiff that the grapes were present and could be hazardous;

(c) failing to prebag grapes displayed for sale or to have an employee stationed at the produce counter to bag the grapes when defendant knew or should have known that unbagged grapes have a propensity to roll out of the display area and onto the floor, thus posing a danger to customers, including plaintiff;

(d) failing and omitting to display grapes offered for sale in such a manner as to prevent grapes from rolling from the display area onto the floor, thus posing a danger to customers, including plaintiff; and

(e) failing and omitting to place mats or rugs on the floor of the produce aisle when defendant knew or should have known that said mats or rugs were necessary to prevent rolling of grapes and/or to prevent grapes present on the floor from causing customers, including plaintiff, to slip and fall.

Michael Cathey's affidavit was presented by defendant to support its summary judgment motion. The affidavit said:

(a) he was defendant's employee;

(b) he had been working in the produce department the major portion of the day plaintiff claimed she fell;

(c) a woman came up to him that day and told him she had fallen;

(d) he went to where she said she had fallen and found one grape on the floor of the aisle in which the produce case was located;

(e) the grape was closer to the dairy case than the produce case;

(f) he had been in the aisle 30 minutes before the incident;

(g) he did not see any grapes on the floor;

(h) he had not been told grapes were on the floor; and

(i) he did not cause any grapes to be on the floor.

It is elementary that a party cannot rely on his pleadings to avoid summary judgment in the face of affidavits that contradict those pleadings. (*Harris v. Bethlehem Steel Corp.* (1984), 124 Ill. App. 3d 449, 453, 464 N.E.2d 634, 637.) The consequence of failing to file counteraffidavits is that the statements in the affidavits supporting the summary judgment motion stand as admitted. (*Yusuf v. Village of Villa Park* (1983), 120 Ill. App. 3d 533, 541, 458 N.E.2d 575, 581.) Therefore, to justify summary judgment, the affidavits relied upon "must avoid the theories of recovery set forth by the complaint." *Harris*, 124 Ill. App. 3d at 454, 464 N.E.2d at 637.

Two theories of recovery are alleged in plaintiff's complaint.

The first theory is alleged in paragraphs 4(a) and 4(b) of plaintiff's complaint. Defendant's liability under this theory rests on one of two possibilities. Either defendant actually caused the grape that plaintiff slipped on to be on the floor, or defendant had knowledge, actual or constructive, that the grape was on the floor, but neither removed it nor warned plaintiff that it was on the floor. See *Donoho v. O'Connell's, Inc.* (1958), 13 Ill. 2d 113, 148 N.E.2d 434.

The second theory is alleged in paragraphs 4(c) thru 4(e) of plaintiff's complaint. Defendant's liability under this theory rests on the grapes being on defendant's floor so frequently that defendant should have undertaken the extraordinary protective measure of prebagging the grapes or providing mats or rugs on the floor of the produce aisle. See *Wroblewski v. Hillman's, Inc.* (1963), 43 Ill. App. 2d 246, 193 N.E.2d 470.

I

We first examine the theory set forth in paragraphs 4(c), 4(d), and

4(e) in light of the affidavit offered to support summary judgment.

## A

■ Defendant ordinarily has no duty to prebag produce; however, there are circumstances that would cause a duty to prebag to arise. (*Wroblewski v. Hillman's, Inc.* (1963), 43 Ill. App. 2d 246, 193 N.E.2d 470.) The heart of plaintiff's theory that defendant breached this duty is that defendant knew, or should have known, that the grape would roll off, and therefore, defendant should have prebagged the grapes or placed mats or rugs on the floor to prevent plaintiff from slipping on the grape.

The affidavit presented by defendant only said that Cathey had not put grapes on the floor, had not seen grapes on the floor, and had not been told that grapes were on the floor on the day plaintiff says she fell. The affidavit failed to say that grapes had not rolled off the display in the past and failed to say that Cathey did not know that the grapes, as displayed for sale, had a propensity to roll off the display case.

On the other hand, plaintiff's complaint alleges that defendant knew or should have known that the unbagged grapes had a propensity to roll off the display case onto the floor. Propensity means tendency, a demonstrated inclination to behave in a certain way. (See Webster's New World Dictionary 1078 (1988).) Plaintiff's allegation that defendant knew that the grapes had a demonstrated inclination to roll off the display case is not contradicted in any way by defendant. Therefore, defendant's motion for summary judgment did not avoid this theory of liability, and summary judgment was erroneously entered as to paragraph 4(c).

## B

■ Paragraph 4(e) of plaintiff's complaint, on the other hand, alleges only that defendant was negligent in failing to place a rug or mat under the grape display. It does not allege the critical fact: namely, that defendant had knowledge, actual or constructive, that grapes were either on the floor or had the propensity to roll onto the floor. Without such knowledge, defendant would have no duty to place rugs or mats under the grape display. Therefore, summary judgment properly was entered as to paragraph 4(e).

## C

Paragraph 4(d) of plaintiff's complaint, likewise, alleges no such knowledge, actual or constructive. It merely says defendant failed to

display the grapes in such a manner as to prevent them from rolling onto the floor. Consequently, it pleads no duty, and summary judgment properly was entered as to it.

## II

The summary judgment as to the theory of liability as expressed in paragraphs 4(a) and 4(b) of plaintiff's complaint is now examined.

■■ A possessor of land has a duty to exercise ordinary care in maintaining his premises in a reasonably safe condition, but is not a guarantor of the safety of business invitees. *Schmelzel v. Kroger Grocery & Baking Co.* (1951), 342 Ill. App. 501, 506, 96 N.E.2d 885, 887.

Under paragraphs 4(a) and 4(b), defendant will be liable for plaintiff's fall only if (1) defendant knew the grape was on the floor, but neither removed it nor warned plaintiff; or (2) defendant caused the grape to be on the floor. See *Donoho v. O'Connell's, Inc.* (1958), 13 Ill. 2d 113, 148 N.E.2d 434.

## A

Plaintiff and defendant agree that there is no direct evidence that defendant knew the grape was on the floor and also agree that there is no circumstantial evidence from which constructive knowledge could be inferred. Therefore, liability, under paragraphs 4(a) and 4(b) cannot rest on defendant having knowledge that the grape was on the floor.

## B

Because defendant lacked knowledge, its liability under paragraphs 4(a) and 4(b) can only be conditioned on defendant having caused the grape to be on the floor.

The record establishes that there is no direct evidence that defendant's negligence caused the grape to be on the floor. Negligence, however, also can be proved by circumstantial evidence. Is there any evidence, therefore, from which it can be inferred that defendant's negligence caused the grape to be on the floor?

Insofar as that issue is concerned, the supreme court of Illinois stated:

> "Where, however, in addition to the fact that the substance on the floor was a product sold or related to defendant's operations, the plaintiff offers some further evidence, direct or circumstantial, however slight, such as the location of the substance or the business practices of the defendant, from which it could be inferred that it was more likely that defendant or his servants, rather than a customer, dropped the substance on the

premises, courts have generally allowed the negligence issue to go to the jury, without requiring defendant's knowledge or constructive notice. Moreover, from our review of the cases, there appears to be a diminishing reluctance by courts to accept such circumstantial evidence to establish that the foreign substance came on the floor through defendant's negligence. [Citation.]" *Donoho*, 13 Ill. 2d at 122, 148 N.E.2d at 439.

■■ *Donoho* teaches that one way to prove circumstantially defendant's negligence is by showing: (1) that the substance on the floor is a product sold or related to defendant's operations; and (2) that the business practices of defendant or the location of the object on the floor make it more likely that defendant placed it there. If these two factors are supported in the slightest, courts generally have allowed the negligence issue to go to the jury. In this case, *Donoho*'s first prong is satisfied: The grape is a product sold in defendant's grocery store. The critical question is whether its location supports in the slightest an inference that defendant caused it to be there.

■■ Defendant's affidavit puts the grape on the floor in the aisle in which the produce display case was located. Defendant pointed out in argument that the grape was nearer to the dairy case than the produce case; the grape was nearer to a door that went into a general back room than it was to the door that led into the produce back room; and there was no passage between the two back rooms. Therefore, defendant says the location does not support an inference that its negligence caused the grape to be on the floor. We disagree. We believe that a jury could reasonably infer that a grape on the floor of a grocery store, in the produce aisle, near a door to a back room for employees only was caused to be there by the negligence of the store.

As a result, we find that summary judgment was not proper as to paragraphs 4(a) and 4(b).

Therefore, the summary judgment against plaintiff on paragraphs 4(a), 4(b) and 4(c) of the complaint is reversed and the cause is remanded to the circuit court of Massac County for further proceedings consistent with this opinion, but the summary judgment on paragraphs 4(d) and 4(e) of the complaint is affirmed.

Affirmed in part; reversed in part and remanded.

RARICK and GOLDENHERSH, JJ., concur.