ST. CASIMIR CHURCH and Roman
Catholic Diocese of Gary,
Appellants (Defendants Below),

v.

Bernice FRANKIEWICZ, and Edward
Frankiewicz, Appellees
(Plaintiffs Below).

No. 64A03–9004–CV–162.

Court of Appeals of Indiana,
Third District.

Dec. 19, 1990.

Michael D. Dobosz, Hilbrich, Cunningham & Schwerd, Highland, for appellants.

Lawrence M. Hansen, Smith & DeBonis, East Chicago, for appellees.

STATON, Judge.

St. Casimir Church and Roman Catholic Diocese of Gary (collectively, "the Church") bring this interlocutory appeal of the denial of a motion for summary judgment, raising the following three issues for our determination:

I. Whether the trial court erred in considering a deposition which was published after the hearing on the motion for summary judgment.

II. Whether the trial court properly denied the Church's motion for summary judgment on the issue of whether the Church owed a duty of reasonable care to the plaintiff.

III. Whether the trial court properly denied the Church's motion for summary judgment on the issue of breach of duty by the Church.

We affirm.

On March 2, 1989, Bernice Frankiewicz attended the annual Pulaski Day celebration held in the St. Casimir Church gymnasium building and sponsored by the Pulaski Club, an organization not affiliated with the Church. The event had been advertised in the church bulletin and in free radio announcements provided to the Club. The celebration included a religious ceremony called the "Benediction of the Blessed Sacrament," after which was a program which involved a guest speaker, a choir, and an orchestra. After this program, the visitors were ushered into another room for a reception where refreshments were served. Volunteers then began to take down the tables and chairs used in the program. Although the visitors were asked to proceed to the reception room in order that the tables and chairs could be disassembled, Mrs. Frankiewicz stayed to socialize. As she finally began walking out of the room, she tripped over some disassembled tables. She later discovered that she had sustained injuries in her fall, and she and her husband brought

suit against the Pulaski Club, St. Casimir Church, and the Roman Catholic Diocese of Gary, alleging negligence in failing to properly maintain the premises.

A deposition of the pastor of the Church, Monsignor Casimir Senderak, was taken by the plaintiffs. The Church filed a motion for summary judgment, which was set for hearing on February 21, 1990. A transcript of Monsignor Senderak's deposition was received by counsel for the Frankiewicz' on the afternoon before the hearing, and was offered for publication on the next day. The trial court did not rule on the motion for summary judgment immediately after the hearing, but gave the parties two weeks to file supplemental briefs before he would give his ruling. On March 7, 1990, the trial judge denied the Church's motion for summary judgment, entering an order to that effect which indicated that he had considered Monsignor Senderak's deposition in reaching that conclusion. The Church brings this interlocutory appeal of the denial of its motion.

In reviewing the grant or denial of a motion for summary judgment, the appellate court applies the same standard as the trial court. *Kopec v. Memorial Hospital of South Bend* (1990), Ind.App., 557 N.E.2d 1367, 1368, *transfer pending.* Summary judgment is proper only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Indiana Rules of Procedure, Trial Rule 56(C). All facts and inferences to be drawn therefrom are viewed in the light most favorable to the nonmoving party, and all doubts as to the existence of a material issue must be resolved against the movant. *Kopec, supra.*

I.

*Publication of the Deposition*

■ The Church first contends that the trial court erred in considering the deposition of Monsignor Senderak in ruling on its motion for summary judgment. Until a deposition has been published by order of the trial court upon the motion of either

party, it may not be considered by the trial court in ruling upon a motion for summary judgment, and we may not take it into consideration in reviewing the trial court's denial of the motion. *Holloway v. Giganti, Inc.* (1989), Ind.App., 540 N.E.2d 97, 98, *rehearing denied.* Our Supreme Court has said:

> There is a sound and practical reason for requiring publication. Under our rules, at the time a deposition is taken, a party need not object to questions on the basis of inadmissibility. Rather, TR. 32(B) permits a party to wait and make his objection at the trial or hearing when the deposition is read into evidence or otherwise used. Were we to dispense with the publication requirement, the very essence of TR. 32(B) could not be implemented. Trial judges could examine depositions at will without regard to the possibility that they might contain objectionable matter.

*Augustine v. First Federal Savings & Loan Ass'n of Gary* (1979), 270 Ind. 238, 384 N.E.2d 1018, 1020.

Here, however, the record shows that the deposition was published on February 21, 1990, the day of the hearing, well before the trial court's March 7 ruling on the Church's motion for summary judgment. Although we agree that the preferred practice is to secure an order of publication before the hearing on a motion for summary judgment, we do not find that the trial court erred here. The record indicates that the Church was present by counsel at the deposition, and objected to the publication of the deposition at the hearing. The Church also filed a written objection to the publication with the court on March 8, the day after the court denied its motion. Counsel for the Church did not articulate any substantive reason at the hearing, in the written objection, or here on appeal for denial of publication, but merely argued that the motion for publication was not timely. In fact, in its written objection, the Church states "[t]hat the defendants do not object to the publication of said deposition, per se, but that it must be entirely disregarded from any consideration of the de-

fendants' Motion for Summary Judgment." Record, p. 92.

The record also reveals that the trial court deferred making a decision on the motion for summary judgment until March 7, in order to allow supplemental materials to be filed on the issue of the publication of the deposition. This gave the Church ample opportunity to raise any objections to the admissibility of any portion of the deposition. We therefore do not find that the trial court erred in considering the deposition of Monsignor Senderak in ruling upon the Church's motion for summary judgment.

## II.

### *Duty Owed By The Church*

The Church next argues that the trial court erred in finding that there was sufficient evidence to indicate that the Church had retained some form of control over the premises sufficient to render the Church liable for the injury to Mrs. Frankiewicz. This is essentially an argument that the facts were such that the Church owed no duty to Mrs. Frankiewicz under Indiana law.

The Church contends that the facts show the Church had divorced itself from the Pulaski Day celebration, in that the Pulaski Club was not affiliated with the Church, the Club was allowed to use the Church facilities free of charge as a courtesy, the Club was responsible for cleaning up after the celebration, and the Church did not retain control over the premises during the Pulaski Day celebration. Therefore, the Church argues that it owed no duty to Mrs. Frankiewicz because duty and therefore liability with respect to a condition on premises is predicated upon the actor's ability to control the premises.

The Church is correct in observing that control of the premises is the basis of premises liability. *City of Bloomington v. Kuruzovich* (1987), Ind.App., 517 N.E.2d 408, 411, *transfer denied.* Liability is imposed upon the person who controls the property because only the party who controls the land can remedy a hazardous con-

dition existing upon it, and only the party who controls the land has the right to prevent others from coming onto it. *Id.*

 The liability of an owner or occupier of premises to one coming onto the premises depends upon the relationship between them. *Fleischer v. Hebrew Orthodox Congregation* (1987), Ind.App., 504 N.E.2d 320, 321, *transfer denied* 539 N.E.2d 1. In *Fleischer*, we recognized a class of visitors termed "public invitees". A public invitee is one who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public, and to whom the invitor owes a duty of reasonable care to keep his premises safe for the visitor. *Id.* at 322–323.

 Here, the general public, including Bernice Frankiewicz, was invited to the premises to join in the Pulaski Day celebration. Thus, the question becomes whether the Church retained sufficient control over the festivities to justify imposing liability upon it for injuries to the invited guests. Monsignor Senderak testified in his deposition that if he chose to, he could have decided not to allow the Pulaski Club to hold their function there; that there was a janitor on the premises to make sure the buildings were locked; that the Club was not in charge of securing the premises; that the Church placed an announcement in the church bulletin regarding when and where the celebration was to take place; that the Church conducted a religious ceremony as a part of the celebration; and that he would not say that the Church relinquished control over the property. This testimony was enough to create an issue of fact as to whether the Church retained control over the premises.

### III.

#### Breach Of The Duty

 The Church argues that even if it owed Mrs. Frankiewicz a duty of reasonable care, there is no evidence that it breached that duty. Ordinarily, the determination of whether a host has exercised reasonable care in making his premises safe for an invitee is a question of fact for the jury. *Hobby Shops, Inc. v. Drudy* (1974), 161 Ind.App. 699, 317 N.E.2d 473, 478.

 Here, Monsignor Senderak's testimony indicated that the Church placed limitations on the use of the premises by the Pulaski Club, that a janitor might have been on the premises during the celebration, that the Church was aware that the general public would be in attendance, and that the Church was aware that volunteers would be conducting the cleanup. Any of these facts might lead a jury to find that the Church breached a duty of reasonable care to keep the premises safe for Pulaski Day attendees. We therefore hold that the trial court was correct in finding that issues of fact remained with respect to any breach of duty by the Church.

Affirmed.

GARRARD and BAKER, JJ., concur.