**Stella GOLBA, Appellant–
Plaintiff Below,**

v.

**KOHL'S DEPT. STORE, INC., Appellee–
Defendant Below.**

No. 75A03–9107–CV–220.

Court of Appeals of Indiana,
Third District.

Jan. 21, 1992.

Rehearing Denied March 10, 1992.

Gregory Ball, South Bend, for appellant.

Peter J. Agostino, Edward N. Kalamaros & Associates, South Bend, for appellee.

STATON, Judge.

Stella Golba appeals the entry of summary judgment dismissing her premises liability claim against Kohl's Dept. Store, Inc., raising the sole issue of whether there remained a genuine issue of material fact to be resolved at trial.

We reverse.

On June 24, 1987, while shopping in a Kohl's Department Store, Stella Golba's heel alighted upon a rounded object, which in combination with the high gloss finish on the floor caused her to fall. She sustained

a number of injuries to her wrist, knee and back.

Golba filed suit against Kohl's on June 7, 1989. On March 28, 1991, the trial court entered summary judgment in favor of Kohl's, finding that based upon the evidence which was produced as a result of the discovery process, Golba was unable to recover on her claim. On appeal, Golba contends that there are genuine issues of material fact which should be resolved by the trier of fact.

On an appeal from a summary judgment, we must determine whether the record reveals a genuine issue of material fact and whether the trial court correctly applied the law. *Boone County Area Plan Com'n v. Kennedy* (1990), Ind.App., 560 N.E.2d 692, 694, *transfer denied.* Any doubt as to a fact, or an inference to be drawn, is resolved in favor of the nonmoving party. *Bischoff Realty, Inc. v. Ledford* (1990), Ind.App., 562 N.E.2d 1321, 1323. Summary judgment will be affirmed if it is sustainable upon any theory supported by the record. *Kolczynski v. Maxton Motors Inc.* (1989), Ind.App., 538 N.E.2d 275, 276, *transfer denied.* However, summary judgment is not to be used as an abbreviated trial. *Haase v. Brousseau* (1987), Ind.App., 514 N.E.2d 1291, 1292. Even if the trial court believes that the nonmoving party will not be successful at trial, summary judgment should not be entered where material facts conflict or where conflicting inferences are possible. *Id.*

Our supreme court recently re-examined the law of premises liability in *Burrell v. Meads* (1991), Ind., 569 N.E.2d 637, *reh'g denied.* The court noted the traditional classes of plaintiffs, and the corresponding duties to each. As " 'a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land,' " Golba was a business invitee. *Id.* at 642, *quoting* Restatement (Second) of Torts § 332. Consequently, Kohl's owed her a duty to exercise reasonable care for her protection while she remained on the premises. This duty is further delineated by the Restatement (Second) of Torts § 343 (1965):

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

The nature of constructive knowledge of dangerous conditions and the factors to be considered in addressing the question of what constitutes reasonable care in a situation where a customer slips and falls in a store was discussed by the Court of Appeals of Washington in *Ciminski v. Finn Corporation, Inc.* (1975), 13 Wash.App. 815, 537 P.2d 850:

It is common knowledge that the modern merchandising method of self-service poses a considerably different situation than the older method of individual clerk assistance. It is much more likely that items for sale and other foreign substances will fall to the floor. Clerks replenish supplies by carrying them through the area the customer is required to traverse when selecting items. Customers are naturally not as careful in handling the merchandise as clerks would be. They may pick up and put back several items before ultimately selecting one. Not unreasonably they are concentrating on the items displayed, which are usually arranged specifically to attract their attention.

*Id.* 537 P.2d at 853. The court noted that the law charges the modern merchant with knowledge of the risks inherent in the method of operation which he has chosen:

An owner of a self-service operation has actual notice of these problems. In choosing a self-service method of providing items, he is charged with the knowl-

edge of the foreseeable risks inherent in such a mode of operation. The logic of this rule is obvious if it is remembered that if a clerk or other employee has been negligent, the employer is charged with the responsibility of creating a dangerous condition.

*Id.* The law imputes such knowledge as a *quid pro quo* for the economic advantages afforded to the merchant by mass merchandising. Today's storeowner caters to a much larger clientele by requiring the customer to perform tasks which were previously carried out by his employees. The storeowner is not absolved of liability merely because tasks which create hazards have been delegated to the consumer. Items which are dropped on the floor as a result of the transportation of goods from display to register are no less dangerous because it was the customer's carelessness which caused the dangerous condition. If the merchant has chosen such a method of operation, the law requires him to take reasonable care to protect other customers from the reasonably foreseeable risks inherent in his chosen marketing scheme. *See Id.*

The court in *Ciminski* noted that these principles are merely applications of the rule of reasonableness in the concrete situation of retail marketing:

This rule does not create a higher standard of care for self-service operations. It is axiomatic that a property owner or occupier is required to use reasonable care toward his business invitees. What is reasonable depends on the nature and the circumstances surrounding the business conducted. [Citations] One of the circumstances to be considered is the method of operation. The realities of a self-service operation cannot be ignored, and what is reasonable for the Ma and Pa grocery store where Pa retrieves each item from behind the counter for the customer may not be reasonable where the customers have access to every item for sale and are subject to the whims of all other customers in handling that merchandise.

*Id.*

Kohl's argues, and the trial court found, that there was no evidence Kohl's had actu-al or constructive notice of the dangerous condition which caused Golba to fall. Golba argues that her allegations and answers to interrogatories were sufficient to preclude summary judgment.

■ Ordinarily, the determination of whether a host has exercised reasonable care in making his premises safe for an invitee is a question of fact for the jury. *St. Casimir Church v. Frankiewicz* (1990), Ind.App., 563 N.E.2d 1331, 1334. While not yet specifically addressed in Indiana, numerous cases from other jurisdictions have found that summary judgment is not proper in a slip-and-fall case where the question whether the store had actual or constructive notice is unresolved. *See, e.g., Little v. Metropolis IGA Foods, Inc.* (1989), 188 Ill.App.3d 136, 135 Ill.Dec. 671, 544 N.E.2d 28 (grape); *Hilsman v. Kroger Co.* (1988), 187 Ga.App. 570, 370 S.E.2d 755, *cert. denied* (frozen peas); *Hasan v. McDonald's* (1985), Minn.App., 377 N.W.2d 472 (unknown substance); *Warren v. Rosso and Mastracco, Inc.* (1985), 78 N.C.App. 163, 336 S.E.2d 699 (human excrement); *Bloom v. Fry's Food Stores, Inc.* (1981), 130 Ariz. 447, 636 P.2d 1229 (grapes); *Johnson v. Farha Village Supermarkets, Inc.* (1971), 208 Kan. 241, 491 P.2d 904 (grape); *Scott v. T.G. & Y. Stores* (1968), Tex.App., 433 S.W.2d 790, *writ err. ref'd n.r.e.* (puddle of liquid). A number of cases have found summary judgment improper even, as in this case, where employees of the store did not see the alleged substance or item on the floor after the accident happened. *See, e.g., Ciminski, supra* ("liquidlike substance"); *Cox v. Western Supermarkets, Inc.* (1989), Ala., 557 So.2d 831, *reh'g denied* (liquid); *Winn–Dixie of Greenville v. Ramey* (1988), 186 Ga.App. 257, 366 S.E.2d 785, *reh'g denied* (liquid), *Dargon v. Kirk* (D.Colo.1986), 650 F.Supp. 737 (liquid); *Howard v. Food Fair Stores* (1964), Del., 201 A.2d 638 ("appeared to be water"). These cases have generally found the plaintiff's testimony that she slipped on something sufficient to withstand summary judgment on the issue of the existence of a hazard. In the ab-

sence of undisputed evidence to the contrary, the issues of whether the store had actual or constructive notice of the dangerous condition or whether reasonable precautions were taken to remedy the condition have likewise been held to be jury questions. *See, e.g., Cox, supra; Dargon, supra; Ciminski, supra.*

■ Here, the record reveals that Kohl's is a department store. Golba stated in her answers to interrogatories and responses to request for admissions that she slipped when her heel landed on a rounded object such as a small stone or "B–B" on the high gloss finish of the floor. In response to Golba's interrogatories, Kohl's indicated that it had swept the floor earlier that morning and that the floor would have been visually inspected at that time. There is no evidence that the floor was swept immediately before Golba slipped, merely that it was swept "earlier in the morning." The accident occurred around 10:50 a.m. that morning. Kohl's did not deny that there was some type of wax or polishing agent applied to the floor, although it did not specifically identify the substance.

As the movant, Kohl's bears the burden of demonstrating the lack of a material factual issue. *Cowe By Cowe v. Forum Group, Inc.* (1991), Ind., 575 N.E.2d 630, 633. Examining the evidence in the light most favorable to Golba and drawing all inferences in her favor, we must conclude that there was an object on the floor upon which she slipped. We must also infer that the object was on the floor for a sufficient amount of time that morning such that we cannot say as a matter of law there could not have been constructive notice of the object. As a department store, Kohl's is charged with the knowledge that its method of operation may result in customers dropping objects onto the ground as they browse through the merchandise. Further, Kohl's has a corresponding duty to take reasonable care to protect its customers from such risks. The only evidence of preventative measures taken by Kohl's was that its employees swept the floors of the store in the morning. We cannot say as a matter of law that sweeping the floor once a day constitutes the exercise of reasonable care to prevent injury to customers from objects on the floor. Accordingly, we hold that issues of fact remained which should have been reserved for the jury, and the trial court erred in granting Kohl's motion for summary judgment.

This case differs from *Ogden Estate v. Decatur County Hosp.* (1987), Ind.App., 509 N.E.2d 901, *transfer denied,* relied on by Kohl's. There, a man fell in a hospital restroom, suffering a fatal head injury. He was found lying on the floor. All witnesses testified that there was no foreign object or defect which would make the floor slick. In fact, as the plaintiff's decedent was alone in the restroom, there was no evidence that he even slipped.[1] Our First District found summary judgment in favor of the defendant hospital appropriate, as a finding of negligence would require "inferential speculation." *Id.* at 903.

This case does not require such "inferential speculation." There *is* evidence of a defect in or on the floor—Golba's testimony. The pleadings and evidence leave unresolved a number of questions, including whether there was in fact a rounded object on the floor, whether the floor was inordinately slippery, and if so, whether Kohl's knew or should have known of the dangerous condition. However, these questions require the weighing of the credibility of witnesses and the application of the test of reasonableness to the facts. The law assigns those tasks to the trier of fact; they are not questions which may be resolved by summary judgment.

Reversed.[2]

---

1. Plaintiff's decedent apparently never sufficiently recovered from his head wound to testify as to the cause of his fall.

2. Effective January 1, 1991, Trial Rule 56(H) provides:
   **(H) Appeal—Reversal.** No judgment rendered on the motion shall be reversed on the ground that there is a genuine issue of material fact unless the material fact and the evidence relevant thereto shall have been specifically designated to the trial court.
   Golba has complied with 59(H) in this case by stating in her memorandums in opposition to summary judgment the specific facts which she

**18**

RATLIFF, C.J., concurs.

GARRARD, J., concurs in result with separate opinion.

GARRARD, Judge, concurring in result.

I concur in the result reached because after reviewing the record, I agree that the defendant has failed to close all the doors so as to be entitled to summary judgment. That is to say, the record does not establish that Golba will not be able to discover what the foreign object was or how or when it got onto the floor. *Compare Letson v. Lowmaster* (1976) 168 Ind.App. 159, 341 N.E.2d 785.

On the other hand, I fail to see the significance of *Ciminski v. Finn Corporation, Inc.* (1975) 13 Wash.App. 815, 537 P.2d 850 to any disposition of this appeal since the record before us discloses nothing whatever concerning the manner by which customers were served in defendant's store. Any reliance upon *Ciminski* is therefore misplaced.

I, therefore, concur in the result.

contended were in issue and referencing the relevant evidence in support of those allega-

