**PRECEDENT PARTNERS I, L.P., The Meadows, Property Owners' Association, Inc., Appellants–Defendants,**

v.

**Michelle HULEN, Individually, and by Her Parents and Natural Guardians, David and Debra Hulen, Appellees–Plaintiffs.**

No. 29A02–0607–CV–582.

Court of Appeals of Indiana.

March 27, 2007.

James W. Roehrdanz, Eric D. Johnson, Nicholas W. Levi, Kightlinger & Gray, Indianapolis, IN, Attorneys for Appellants.

J. Michael Antrim, Leslie Craig Henderzahs, Samuel R. Robinson, Church Church Hittle & Antrim, Noblesville, IN, Attorneys for Appellees.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Precedent Partners I, L.P. ("Precedent") and The Meadows Property Owners' Association, Inc. ("the Association") appeal from the trial court's denial of their motion for summary judgment in this tort action filed by Michelle Hulen ("Michelle"), Individually, and by her Parents and Natural Guardians, David and Debra Hulen (collectively "the Hulens"). Precedent and the Association present a single dispositive issue for our review, namely, whether there exists a question of fact precluding summary judgment.

We reverse and remand with instructions.

### FACTS AND PROCEDURAL HISTORY

The Meadows is a housing development located near the intersection of State Road 37 and 191st Street in Noblesville. In developing The Meadows, Precedent undertook the following with regard to the 199 acres of real estate: excavated the site; subdivided the property into residential lots; installed sewer and storm systems; installed utilities and water mains; constructed streets, sidewalks and curbs; landscaped; and platted the real estate. The Meadows was subdivided into 533 res-

idential lots, and as of August 25, 1995, Precedent had developed approximately 301 lots for sale to homebuilders. Precedent was not involved in the construction of houses in The Meadows, nor did it sell houses to end purchasers. The Association is a homeowner's association charged with enforcement of various restrictive covenants applicable to the properties in The Meadows.

On August 25, 1995, fifteen-year-old Michelle was riding her bike along Meadows Boulevard, a dedicated public street and main thoroughfare in The Meadows, when she turned onto a cross street and collided with a pickup truck being driven by Jose Guardado. Guardado was driving in The Meadows in connection with his work installing drywall at one of the residences. He was an employee of, or independent contractor for, Best Drywall. Guardado was not employed by and did not have any relationship with either Precedent or the Association. As a result of the collision, Michelle sustained significant and permanent bodily injuries.

Sergeant Michael Walters, an accident reconstructionist for the Hamilton County Sheriff's Department, concluded that the accident was "just an unfortunate case where the young female ran into the side—tried to make the turn, either didn't notice the truck coming towards her, or thought it was going to stop, that maybe there was a stop sign maybe for the truck, or something of that nature." Appellants' App. at 41. Sergeant Walters also concluded that trees and shrubs planted in the median at the location of the accident did not have "anything to do with the crash." *Id.*

The Hulens filed a complaint against Guardado, Foster, Best Drywall, Prece-

dent, the Association, and the City of Noblesville alleging negligence. Precedent and the Association filed a joint motion for summary judgment, which the trial court granted in part and denied in part.[1] Subsequently, Precedent and the Association filed a second motion for summary judgment, which the trial court denied. This appeal ensued.

## DISCUSSION AND DECISION

When reviewing the propriety of a ruling on a motion for summary judgment, this court applies the same standard as the trial court. *Sees v. Bank One, Indiana, N.A.,* 839 N.E.2d 154, 160 (Ind.2005). A party seeking summary judgment must show "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* (quoting Ind. Trial Rule 56(C)). The review of a summary judgment motion is limited to those materials designated to the trial court. *Id.;* Ind. Trial Rule 56(H). The court accepts as true those facts alleged by the nonmoving party, construes the evidence in favor of the nonmoving party, and resolves all doubts against the moving party. *Id.*

In their second summary judgment motion, Precedent and the Association set out their argument as follows:

> Hulen's complaint against Precedent and Meadows sounds in negligence, raising a number of alleged factual "breaches" that contributed to create an unsafe intersection. Specifically, three theories of liability survived defendants' first motion for summary judgment: (1) the median impeded motorist's views of the roadway; (2) the defendants failed to construct a separate entrance for "con-

---

1. The trial court granted the first summary judgment motion with respect to the Hulens' contention that Precedent and the Association had a duty to post regulatory signs on the public streets within the subdivision.

struction traffic;" and (3) the defendants failed to erect signs warning of "construction traffic."

While not directly asserted in her complaint, Hulen's claims against Precedent and Meadows potentially arise under two distinct legal theories. First, Precedent and Meadows owned and had control over certain property and there are claims under premises liability theories that they had a duty to maintain the property under their control in a reasonable manner. Second, the facts show that Precedent and/or Meadows constructed certain property, and thus have a duty towards reasonably foreseeable persons to perform this work in a careful and workmanlike manner. The legal distinction is important as while Hulen attempts to characterize this case as a premises liability case, it is really a case for negligent design and construction of a residential subdivision. While Precedent did own certain real estate, it did not own the street or intersection where the accident occurred. Indiana law has long established that the duties of a landowner over its premises do not extend to adjoining streets. There are exceptions where the instrumentalities causing the harm originate from the landowner's adjoining property, but such cases are inapposite to the present matter. Precedent and Meadows did not have control over the intersection sufficient to impose a duty under premises liability.

The undisputed facts show that any faults in the design of the subdivision were not a proximate cause of the accident. Defendants' expert—the investigating officer—concluded that there were no visibility problems as a result of the median. Further, the fact that Guardado was driving a truck used in construction was not a cause of the accident as Sergeant Walters concludes that

that accident would have occurred in the same manner if Guardado had been driving a passenger vehicle.

Appellant's Second Supp.App. at 6–7.

In their Memorandum in Opposition to Summary Judgment, the Hulens responded that:

[the evidence] clearly demonstrate[s] the Defendants permitted construction traffic to funnel through the family[-]oriented and most densely occupied areas of the subdivision when there were three other alternative routes available. The Defendants' conduct created an unreasonable risk of harm to Michelle and they are liable under premises liability.

*Id.* at 24. Further, the Hulens asserted that the designated evidence established genuine issues of material fact whether Precedent and the Association were negligent in the design and maintenance of the median at the location of the accident and in failing to post signs "directing or warning of construction traffic." *Id.* at 30.

■■■■ On appeal, Precedent and the Association contend that there are no issues of material fact on any of the issues presented. We must agree. The tort of negligence is comprised of three elements: 1) a duty on the part of the defendant in relation to the plaintiff; 2) a failure by the defendant to conform its conduct to the requisite standard of care; and 3) an injury to the plaintiff proximately caused by the failure. *Estate of Pflanz v. Davis*, 678 N.E.2d 1148, 1151 (Ind.Ct.App.1997). To prevail on a motion for summary judgment in a negligence case, the defendant must establish that the undisputed material facts negate at least one element of the plaintiff's claim or that the claim is barred by an affirmative defense. *Goldsberry v. Grubbs*, 672 N.E.2d 475, 477 (Ind.Ct.App. 1996), *trans. denied.*

■ Initially, we agree with Precedent and the Association that this is not a premises liability case. The designated evidence does not show that anything Precedent or the Association did on the property they owned or over which they had any control created a hazardous condition that caused the accident. *See St. Casimir Church v. Frankiewicz*, 563 N.E.2d 1331, 1333 (Ind.Ct.App.1990) (stating control of the premises is the basis of premises liability). And Michelle, a resident of The Meadows who was riding her bicycle on a public street at the time of the accident, was not an invitee of either Precedent or the Association. Finally, Precedent and the Association did not have a relationship with or control over Guardado, Foster, or Best Drywall.

■ Regardless, the undisputed designated evidence shows that the vegetation and light fixtures in the median did not obscure either Guardado's or Michelle's view as they approached the intersection. Sergeant Walters testified that, in his opinion, nothing about the median contributed to the accident. And, contrary to the Hulens' assertions on appeal, our review of the photographs of the median does not lead us to believe otherwise. The undisputed designated evidence does not create a question of fact on whether the design or maintenance of the median created or constituted a hazardous condition that contributed to the accident.

■ With regard to the alleged duty to redirect construction traffic or to post signs warning of construction traffic, the designated evidence does not establish that either Precedent or the Association had such a duty. Even assuming such a duty existed, there is no evidence that any breach of that duty contributed to the accident. The designated evidence does not suggest that the streets of the Meadows were congested with construction traffic or that construction vehicles otherwise posed any foreseeable danger to residents. A single pickup truck traveling on a public street is not a hazardous condition, as a matter of law.

The Hulens' reliance on *Lutheran Hospital of Indiana, Inc. v. Blaser*, 634 N.E.2d 864 (Ind.Ct.App.1994), and *Holiday Rambler Corp. v. Gessinger*, 541 N.E.2d 559 (Ind.Ct.App.1989), *trans. denied*, is misplaced. In both of those cases, the defendants' use of their premises proximately caused the plaintiffs' injuries. In *Lutheran Hospital*, the hospital allowed pedestrians and automobiles to use the "exit" driveway of its parking lot as an entrance without adequate safeguards or warnings. We held that "[b]ecause Lutheran knew the manner in which its invitees, both pedestrians and drivers, customarily used the driveway of the 'exit' in connection with its invitation, it is under a duty to correct the dangerous conditions and guard against foreseeable injuries." *Lutheran Hosp.*, 634 N.E.2d at 870.

In *Holiday Rambler*, the defendant company permitted hundreds of employees to leave its premises at 3:00 p.m. every day using four exits within an 800–foot stretch of a state road with a speed limit of fifty-five miles per hour. The employer did not establish a traffic flow pattern or otherwise try to safeguard against accidents. We reiterated that "the owner of land adjacent to a highway owes the duty to the traveling public to prevent injury to travelers upon the highway from any unreasonable risks created by the property's dangerous condition which the landowner knew or should have known about." *Holiday Rambler*, 541 N.E.2d at 562. And we held that a question of fact existed whether the defendant company had discharged its duty.

But here, again, neither Precedent nor the Association created a "dangerous con-

dition" on their property that proximately caused Michelle's injuries. There is simply no evidence of a danger posed to residents from construction traffic, so there was no duty to redirect construction traffic or post warning signs. And the Hulens have failed to establish that Precedent and the Association caused, created, or had notice of an allegedly dangerous or hazardous condition. In moving for summary judgment, Precedent and the Association made a prima facie showing that there were no disputed facts regarding the existence of a hazardous condition that caused the accident. Indeed, Michelle could not remember whether her view of Guardado's pickup truck had been obscured by vegetation in the median, and the photographs included in the designated evidence do not depict anything suggesting that her view was so obscured. Further, a single pickup truck traveling down a public street is not, as a matter of law, a hazardous condition.[2]

█ The law does not impose a duty on a business to guard against injury to the public from the negligent acts of someone over whom the business has no control and which injury occurs off the business' premises. *Snyder Elevators, Inc. v. Baker*, 529 N.E.2d 855, 859 (Ind.Ct.App.1988), *trans. denied.* Neither Precedent nor the Association was accountable for the conduct of Guardado and neither controlled the premises where the accident occurred. We hold that the trial court erred when it denied Precedent's and the Association's joint summary judgment motion. We reverse and remand with instructions to enter summary judgment in favor of Precedent and the Association and against the Hulens.

---

**2.** The designated evidence does not indicate that Guardado violated any traffic laws as he

Reversed and remanded with instructions.

MAY, J., and MATHIAS, J., concur.

drove through The Meadows.