## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
| --- | --- |
| Lloyd P. Mullen | Francis A. Veltri |
| Mullen & Associates PC | Travelers Staff Counsel Indiana |
| Crown Point, Indiana | Merrillville, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Kathleen Sprehe, | May 18, 2018 |
| *Appellant-Defendant,* | Court of Appeals Case No. 45A03-1710-CT-2463 |
| v. | Appeal from the Lake Circuit Court |
| CVP Holding Corp., | The Honorable Marissa J. McDermott, Judge |
| *Appellee-Plaintiff* | Trial Court Cause No. 45C01-1502-CT-20 |

**Vaidik, Chief Judge.**

# Case Summary

[1]    Following a fall at The Center for Visual and Performing Arts (CVPA) in

Munster, Kathleen Sprehe filed a premises-liability lawsuit against CVP

Holding Corp., which owned and operated CVPA. The trial court entered summary judgment in favor of CVPA, and Kathleen now appeals. Finding a genuine issue of material fact as to whether CVPA knew or should have known about a lump in the carpet where Kathleen fell, we reverse and remand.

## Facts and Procedural History

[2] On the morning of August 25, 2013, Kathleen was at CVPA to help set up for her granddaughter's bridal shower, which was to start at noon. The bridal shower was held in a room known as the Board Room. According to Kathleen, who was wearing strapped sandals that didn't "come off easy," she was walking from the "gift table" to the "sweets table" carrying a five-inch vase in each hand when her foot "hit the rug."[1] Appellant's App. Vol. II pp. 43, 58, 77. Kathleen said it "[f]elt like there was a lump or something under the rug, and [she] went flying, and [her] shoe came off." *Id.* at 43. She described the lump as an "abrupt unevenness in the floor." *Id.* at 58. Kathleen admitted that she did not fall because of an object on the floor or a hole in the carpeting. Kathleen's injuries included cuts to her face and a fractured shoulder.

[3] In 2015, Kathleen filed a complaint against CVPA. Specifically, Kathleen alleged that CVPA breached its duty to her "by not keeping [the] premises in a reasonably safe condition and by failing to warn [her] of unreasonable

---

[1] Kathleen used the word "rug" in her deposition, but it is apparent from the designated evidence, including pictures, that the floor was carpeted.

dangers." *Id.* at 74. In 2017, CVPA moved for summary judgment on the ground that it "had no knowledge of any lump in the Board Room carpet at any time prior to the alleged [A]ugust 25, 2013 incident and used reasonable care in maintaining the Board Room carpet." *Id.* at 70. In support, it designated the affidavit of John Koshman, the CVPA Facilities Manager since 1990. Koshman's affidavit provides, in relevant part:

> 6. I am aware that Ms. Kathleen Sprehe claims to have fallen on August 25, 2013 while in the Center for Visual and Performing Arts room designated as the "Board Room".

> 7. The carpet that was in place in the CVPA Board Room at the time of the alleged August 25, 2013 incident was installed in approximately October or November 2010.

> 8. Among my many duties at CVPA as Facilities Manager, I oversaw the maintenance of the carpets and floors which included checking the rooms, floor and carpets for any debris, problems or defects.

> 9. The carpet in the CVPA "Board Room" was regularly swept, cleaned and maintained before and after an event.

> 10. The Center for Visual and Performing Arts was unaware of any lumps that existed in the carpet located in the Center for Visual and Performing Arts area called the "Board Room" prior to the alleged August 25, 2013 incident.

> 11. No person has ever raised any complaints or concerns for lumps or defects in any of the carpets at the Center for Visual and Performing Arts at any time through August 25, 2013.

*Id.* at 82-83.  Following a hearing, the trial court entered summary judgment in favor of CVPA.

[4]     Kathleen now appeals.

# Discussion and Decision

[5]     Kathleen appeals the trial court's grant of summary judgment in favor of CVPA.  Specifically, she contends that there is a genuine issue of material fact as to whether CVPA knew or should have known about a "lump or unevenness"[2] in the carpet.  Appellant's Reply Br. p. 7.

[6]     We review summary judgment de novo, applying the same standard as the trial court.  *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014).  Summary judgment is appropriate "if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Ind. Trial Rule 56(C).  The initial burden is on the summary-judgment movant to demonstrate the absence of any genuine

---

[2]  It is not clear if Kathleen uses the terms "lump" and "unevenness" to mean the same thing.  Kathleen testified during her deposition that the carpeting was designed "in squares.  One would be a square, and the next one would be higher, and then the next one would be lower."  Appellant's App. Vol. II p. 79.  Indeed, CVPA designated evidence from an architect that the Board Room carpeting alternated between high and low pile.  *Id.* at 94 ("Measurements of [exemplar carpeting] revealed that both the high-and-low pile areas were consistent in height, and that the change in level between adjacent areas of high-and-low pile was approximately 1/8 [inch] in every case.").  CVPA alleges in its brief that Kathleen is not pursuing "design defects" on appeal, Appellee's Br. p. 6 n.1, and Kathleen does not dispute this allegation in her reply brief.

issue of fact as to a determinative issue, at which point the burden shifts to the non-movant to come forward with contrary evidence showing an issue for the trier of fact. *Hughley*, 15 N.E.3d at 1003.

[7] Summary judgment is not a summary trial. *Id.* at 1003-04. Indiana consciously errs on the side of letting marginal cases proceed to trial on the merits, rather than risk short-circuiting meritorious claims. *Id.* at 1004. Further, summary judgment is rarely appropriate in negligence cases because such cases are particularly fact-sensitive and are governed by a standard of the objective reasonable person, which is best applied by a jury after hearing all the evidence. *Kramer v. Catholic Charities of Diocese of Fort Wayne-S. Bend, Inc.*, 32 N.E.3d 227, 231 (Ind. 2015). Nevertheless, a grant of summary judgment is clothed with a presumption of validity, and the appellant bears the burden of demonstrating that the trial court erred. *Id.*

[8] The parties agree that Kathleen was an invitee of CVPA. Under Indiana premises-liability law, the owner or possessor of land owes the highest duty of care to its invitees: the duty to exercise reasonable care for their protection while they are on the premises. *Roumbos v. Vazanellis*, 95 N.E.3d 63, 55 (Ind. 2018). Indiana has adopted the Restatement (Second) of Torts section 343, which provides:

> A possessor of land is subject to liability for physical harm caused
> to his invitees by a condition on the land if, but only if, he

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

*Id.* (citing Restatement § 343). An invitor is not the insurer of the invitee's safety, and before liability may be imposed on the invitor, it must have actual or constructive knowledge of the danger. *Schultz v. Kroger Co.*, 963 N.E.2d 1141, 1144 (Ind. Ct. App. 2012).

[9] CVPA does not deny, for purposes of appeal, that there was a lump in the carpet or that the lump posed an unreasonable risk of harm. Rather, CVPA argues that the trial court properly granted summary judgment in its favor because "there is no evidence of any actual or constructive knowledge by CVPA of a lump in the area where [Kathleen] fell."[3] Appellee's Br. p. 11. It is

---

[3] The trial court did not consider certain evidence Kathleen designated to establish that CVPA had actual or constructive knowledge. Specifically, Kathleen's deposition testimony and interrogatory responses included references to a person named "Sue," who allegedly worked at CVPA. Kathleen said her daughter talked to Sue, and Sue said she had also fallen on the carpet at CVPA and had pins placed in her wrist. In addition, Kathleen testified during her deposition that while she was in the hospital, her husband received phone calls from unidentified people that there was something "under the rug." Appellant's App. Vol. II p. 44. The trial court properly disregarded the "Sue" and "phone call" evidence as inadmissible double hearsay. *See* Ind. Trial Rule 56(E) (providing that summary-judgment affidavits "shall set forth such facts as would be admissible in evidence"); Ind. Evidence Rule 805 ("Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule.").

true that the evidence shows that CVPA did not have actual knowledge of a lump in the carpet. But as for whether CVPA **should have known**, Koshman stated only that he oversaw the maintenance of the carpets and floors, which included "checking the rooms, floor and carpets for any debris, problems or defects," and that "[t]he carpet in the CVPA 'Board Room' was regularly swept, cleaned and maintained before and after an event." This limited statement would not preclude a reasonable inference that CVPA nevertheless should have known that there was a lump in the carpet. There is no information regarding how closely the floors were inspected, what the inspectors were told to look for, or the last time the floors were inspected. As Kathleen argues on appeal, "Unlike a water spill in a grocery store, a lump or unevenness in the carpeting does not develop instantaneously." Appellant's Reply Br. p. 7. "Ordinarily, the determination of whether a host has exercised reasonable care in making his premises safe for an invitee is a question of fact for the jury." *Golba v. Kohl's Dep't Store, Inc.*, 585 N.E.2d 14, 16 (Ind. Ct. App. 1992), *reh'g denied*, *trans. denied*. Accordingly, whether CVPA should have known about the lump in the carpeting is an issue for the jury. *See id.* at 16-17 ("In the absence of undisputed evidence to the contrary, the issues of whether the store had actual or constructive notice of the dangerous condition or whether reasonable precautions were taken to remedy the condition have . . . been held to be jury questions."). We therefore reverse and remand.

[10] Reversed and remanded.

Barnes, J., and Pyle, J., concur.