Helen ABELS, et al.,
Defendants-Appellants,

v.

MONROE COUNTY EDUCATION AS-
SOCIATION, Plaintiff-Appellee.

No. 1–385A66.

Court of Appeals of Indiana,
First District.

March 31, 1986.

David T. Bryant, Nat. Right to Work Legal Defense Foundation, Inc., Springfield, Va., Ronald L. Chapman, Cotner, Mann & Chapman, Bloomington, for defendants-appellants.

Richard J. Darko, Janet C. Knapp, Tabbert & Capehart, Indianapolis, Edward F. McCrea, McCrea & McCrea, Bloomington, for plaintiff-appellee.

## ON PETITION FOR REHEARING

RATLIFF, Judge.

On February 18, 1986, this court handed down its opinion in *Abels v. Monroe County Education Ass'n.* (1986), Ind.App., 489 N.E.2d 533, affirming the Monroe Superior Court's calculation of the fair share representation fee nonmembers were required to pay to the bargaining unit's exclusive representative. Appellants have now filed a petition for rehearing which sets forth several grounds for rehearing. Although we deny rehearing, we feel compelled to discuss briefly one of those grounds.

In their citation to additional authority, Appellants refer us to a recent United States Supreme Court case, *Chicago Teachers Union v. Hudson* (1986), —— U.S. ——, 106 S.Ct. 1066, 89 L.Ed.2d 232. There, the court struck down certain internal union procedures for dealing with nonmembers' objections to fair share representation fees, holding that:

"the constitutional requirements for the Union's collection of agency fees include an adequate explanation of the basis for the fee, a reasonably prompt opportunity to challenge the amount of the fee before an impartial decisionmaker, and an escrow for the amounts reasonably in dispute while such challenges are pending."

*Chicago Teachers Union,* ——, 106 S.Ct. at 1078. Appellant's reliance on this case is misplaced.

Appellants have not, either in the trial court or on appeal here, challenged the procedures employed by the Monroe County Education Ass'n. to collect the fair share representation fees. Rather their action attacked the actual calculation of the fair share representation fee due the union. *Chicago Teachers Union* does not address this issue. While this court is clearly bound to apply the constitutional limitations announced in *Chicago Teachers Union* where internal union procedures for the collection of fair share representation fees are challenged, that issue is not now before us. We need not, therefore, apply those limitations in this case. But see *New Prairie Classroom Teachers v. Stewart* (1986), Ind.App., 487 N.E.2d 1324, 1328–29, (rehearing pending) (where this issue is discussed briefly). As we held in our earlier opinion, the trial court correctly calculated the fair share representation fee due the Monroe County Education Ass'n. from appellants.

Appellants Petition for Rehearing is, therefore, denied.

ROBERTSON, P.J., and NEAL, J., concur.