**Gregory HAASE, Appellant
(Respondent Below),**

v.

**Denise BROUSSEAU, Appellee
(Petitioner Below).**

No. 43A03–8708–CV–223.

Court of Appeals of Indiana,
Third District.

Nov. 18, 1987.

Jay A. Rigdon, Rockhill, Pinnick, Pequignot, Helm & Landis, Warsaw, for appellant.

James L. Walmer, Warsaw, for appellee.

STATON, Judge.

Denise Brousseau (Denise) is a resident of Virginia and the mother of Jennifer Brousseau (the child), who was born in 1981. The child was born while Denise was married to Donald Campbell (husband). Denise and her husband were divorced in 1984, and now, Denise alleges that Dr. Gregory Haase (Gregory), a resident of Indiana, is the child's father. Denise seeks child support from Gregory under the Uniform Reciprocal Enforcement of Support Act (URESA), West's AIC 31-2-1-1 (Supp. 1987).

Gregory moved for summary judgment and asserted that he owes no duty under URESA. He claims not to be the father of the child. He reasoned that according to the presumption contained in West's AIC 31-6-6.1-9 (Supp.1987), the child born to Denise while she was still married is presumed to have been fathered by her husband. He urges us to conclude that, as a matter of law, the statutory presumption entitles him to summary judgment despite Denise's allegations of paternity. *H.W.K. v. M.A.G.* (1981), Ind.App., 426 N.E.2d 129, 132 (statements by parties were insufficient to rebut the presumption where husband had access to the mother during the period of conception).

The trial court denied Gregory's motion and ruled that the child's paternity was an unresolved issue of material fact. Gregory appeals that decision, and claims that the trial court erred by not affording great weight to the presumption regarding a husband's paternity. The single issue we must address is whether the statutory presumption is sufficient for summary judgment purposes when a mother alleges that someone other than the husband is the father.

Affirmed.

In reviewing a summary judgment this court will apply the same standard employed by the trial court; we will determine whether any genuine issue of material fact exists and whether the law was correctly applied. *Lafary v. Lafary* (1985), Ind. App., 476 N.E.2d 155, 158. Moreover, in reviewing the propriety of a summary judgment, the facts alleged by the party opposing the motion must be taken as true. *Consolidated City of Indianapolis v. Cutshaw* (1983), Ind.App., 443 N.E.2d 853, 857, *trans. den.*

In the instant case, Denise was the party opposing the motion for summary judgment, therefore the facts she alleges, and the reasonable inferences therefrom, are to be evaluated in her favor. Those facts and inferences are used to determine whether an unresolved material fact is present. A fact is "material" if it facilitates resolution of any of the issues either for or against the party having the burden of proof on that issue. *Indiana University Hospitals v. Carter* (1983), Ind.App., 456 N.E.2d 1051, 1057, *reh. den.* The paternity of the child certainly is material to the issue of whether or not Gregory owes a duty to support that child.

▮ Summary judgment is not a substitute for a trial. *Board of Aviation Commissioners v. Hestor* (1985), Ind.App., 473 N.E.2d 151, 153. Its purpose is to terminate those cases which have no factual dispute and which may be determined as a matter of law. *Jones v. City of Logansport* (1982), Ind.App., 436 N.E.2d 1138, 1143, *reh. den.* 439 N.E.2d 666, *trans. den.* Too, summary judgment is not a procedure for trying facts and for determining preponderance of the evidence. *Poxon v. General Motors Acceptance Corp.* (1980), Ind. App., 407 N.E.2d 1181, 1183. Even if the trial court believes that the nonmoving party will not be successful at trial, summary judgment should not be entered where material facts conflict or where conflicting inferences are possible. *Grimm v. Borkholder* (1983), Ind.App., 454 N.E.2d 84, 86.

Gregory's challenge to the trial court's decision is simply that Denise has not offered sufficient evidence to rebut the statutory presumption. As expressed above, summary judgment is not an appropriate procedure to weigh the quantum of evidence in the record. *Id.*

Gregory places great weight on two cases. In the first, *H.W.K., supra,* 426 N.E.2d at 131, the court held that the statutory presumption regarding a husband's

paternity is one of the strongest known to the law. In the second case, *Murdock v. Murdock* (1985), Ind.App., 480 N.E.2d 243, 245, n. 6, *reh. den.*, the court in a footnote wrote that although the statutory presumption of paternity is not conclusive, to overcome it, clear and convincing evidence of one of the following must be presented:

1. Impotence of the husband;
2. Absence of the husband so as to have no access to the mother.
3. Absence of husband during the time the child must have been conceived;
4. Presence with mother only in circumstances which clearly prove there was no sexual intercourse;
5. Husband's sterility during the time the child must have been conceived; and
6. Exclusion of the husband as the child's father based on blood test results.

Gregory argues that Denise has not presented clear and convincing proof of any of the *Murdock* factors. In his view, Denise's failure to rebut the statutory presumption using any of the *Murdock* factors entitles him to summary judgment.

Although the instant case is similar to *Murdock* in that both mothers claimed to have been separated from their husbands during the time before their children were born, there is an important difference. *Murdock* was a review of a trial on the merits, while the instant appeal is from a summary judgment. When reviewing the record in a summary judgment case, we take the facts and reasonable inferences therefrom alleged by the party opposing the motion to be true. *Cutshaw, supra,* 443 N.E.2d at 853. This contrasts with a review of a negative judgment following a trial where we look only to the facts that support the judgment. *Abels v. Monroe County Educational Ass'n* (1986), Ind. App., 489 N.E.2d 533, 540, *reh. den.*, 490 N.E.2d 775, *cert. den.*, — U.S. ——, 107 S.Ct. 1347, 94 L.Ed.2d 518.

■ A review of the record reveals that Denise has alleged that she was separated from her husband in 1980, and that the child was born in March, 1981. Given that we must draw all reasonable inferences in favor of Denise, the non-movant, and we believe that it is reasonable to infer that the husband did not have access to her during the time the child was conceived, we cannot say that Denise has failed to put any of the *Murdock* factors at issue. Moreover, as the proponent of the motion for summary judgment, Gregory had the burden to show that there were no unresolved issues of material fact. *Anderson v. State Farm Mutual Auto Ins. Co.* (1984), Ind.App., 471 N.E.2d 1170, 1172. Gregory has not offered anything to indicate the dates of Denise's separation, or whether or not Denise had access to her husband during the period of the child's conception.

Moreover, the holding from *H.W.K., supra,* that statements of the parties are insufficient to rebut the statutory presumption applies only where there is evidence that the husband had access to the mother. *H.W.K., supra,* 426 N.E.2d at 132. Whether Denise's husband had access to her and the dates of the separation are unresolved issues of material fact.

The record in the instant case also reveals that Gregory admitted to having had sexual relations with Denise, and there are allegations that Gregory: knows he is named as the father on the child's birth certificate, made a verbal agreement to pay child support, paid child support for a period of time, and paid for trips by the child and the mother for visitation purposes. Whether this evidence is sufficiently clear and convincing to rebut the statutory presumption of a husband's paternity is a question for the trier of fact that is not be determined in a summary judgment proceeding. *Poxon, supra,* 407 N.E.2d at 1183.

Consequently, Gregory is not entitled to summary judgment as a matter of law. The trial court's decision is affirmed.

RATLIFF, C.J., and HOFFMAN, J., concur.