In the Matter of the GUARDIANSHIP OF Josephine VOLK.

Dr. Sunchai SENASU, Appellant,

v.

GUARDIANSHIP OF Josephine VOLK, Appellee.

No. 45A03–8704–CV–00104.

Court of Appeals of Indiana, Third District.

Nov. 18, 1987.

Mark A. Roscoe, Portage, for appellant.

Hollis E. Back, Merrillville, for appellee.

STATON, Judge.

Josephine Volk (Josephine), a minor, was injured in a car-train accident. Reconstructive surgery on Josephine was performed by Dr. Sunchai Senasu, whose services were billed at eight thousand and forty dollars ($8,040.00).

Josephine received a cash settlement for her injuries, and other doctors who had filed liens against any settlement Josephine would receive were paid from that fund. The balance of that fund has been placed in a guardianship estate.

Dr. Senasu did not file a lien and has not yet been paid. The Senasu Corporation has now filed a claim against the guardianship estate. The probate court denied the doctor's claim explaining that it should be pursued against Josephine's parents rather than the minor's estate.

The single issue we must resolve on appeal is whether the probate court erred by not ordering that Dr. Senasu should be paid from the balance of the settlement fund now in the minor's guardianship estate.

Affirmed.

Dr. Senasu is appealing a negative judgment. On review, we presume that the trial court correctly applied the law, and it is Dr. Senasu's burden to demonstrate reversible error. *Abels v. Monroe County Education Association* (1986), Ind.App., 489 N.E.2d 533, 540, *reh. den.*, 490 N.E.2d 775, *trans. den., cert. den.* (1987), — U.S. ——, 107 S.Ct. 1347, 94 L.Ed.2d 518.

Dr. Senasu argues that both a parent and a minor are liable for necessary expenses incurred by the minor. *Scott County School District 1 v. Asher* (1975), 263 Ind. 47, 51, 324 N.E.2d 496, 499. He urges us to conclude that where a guardianship estate is created out of a personal injury settlement which includes compensation for necessaries, the estate should be liable. *In re Estate of Keeler* (1985), Ind.App., 476 N.E.2d 917, 920, *reh.*, 479 N.E.2d 105 (recovery allowed from an orphan's trust). In reaching this conclusion, Dr. Senasu contends that the ability of the parents to

provide for the child is irrelevant where the tortfeasor has already compensated the minor for injuries.

Reference to the ability of Josephine's parents to provide for her is important because West's AIC 29-1-18-33(b) (Supp. 1987) provides as follows:

> If the ward is a person under eighteen (18) years of age, and his parents or those standing in *loco parentis* are able to care for, maintain, and educate him, neither the income nor the principal shall be expended for any purpose except as ordered by the court.

While the above statute provides that the guardianship estate will be preserved, the court can order a disbursement from the fund. Dr. Senasu claims that the probate court erred by not ordering that his claim be paid from Josephine's estate.

On review we do not reweigh evidence. *Abels, supra,* 489 N.E.2d at 540. In the instant case, Josephine's parents are not a party. The record reveals, however, that Josephine's father is employed and there is nothing to indicate that her parents do not have the ability to pay Dr. Senasu's bill. Under the abovementioned statute and without some showing that Josephine's parents cannot pay Josephine's necessary expenses, it was for the probate court to decide whether or not to order payment from the minor's estate. To be sure, Dr. Senasu is entitled to be paid for his services, but as a matter of law, he does not have an absolute right to invade the minor's estate.

Finding no error, the probate court's judgment is affirmed.

GARRARD, P.J., and NEAL, J., concur.