Anthony C. SPRINGMAN, By his mother and next friend, Debby Jo SPRINGMAN, Appellant–Plaintiff,

v.

Douglas E. HALL, Appellee–Defendant.

No. 33A04–9401–CV–15.

Court of Appeals of Indiana, Fourth District.

Oct. 26, 1994.

William F. Thompson, Indianapolis, for appellant.

Kent M. Frandsen, Parr Richey Obremskey & Morton, Lebanon, for appellee.

## OPINION

CHEZEM, Judge.

### Case Summary

Appellant-plaintiff, Anthony Springman b.n.f Debby Jo Springman ("Anthony"), appeals the trial court's grant of summary judgment for appellee-defendant, Douglas Hall ("Hall"), in Springman's negligence action. We reverse.

### Issue

Springman presents one issue: whether there were genuine issues of material fact which precluded granting summary judgment in favor of Hall?

### Facts and Procedural History

The facts most favorable to the non-movant indicate that the lawsuit arose out of an accident that occurred on February 15, 1990, in Muncie, Indiana. At approximately 4:50 p.m., Hall was driving at about 20–25 m.p.h., northbound near downtown Muncie on Madison Avenue, a four lane street. The speed limit on Madison Avenue is 30 m.p.h. A light mist was falling.

Anthony, then seven years old, was walking east on Gilbert Street at Madison Avenue. Anthony stopped at the intersection for two seconds and looked both ways on Madison Avenue. Anthony then began to cross the street.

As he proceeded across the intersection, Anthony almost walked into a car traveling

in the southbound lanes of Madison Avenue. Anthony continued crossing the intersection, and as he stepped into the center northbound lane he was struck by Hall. Anthony sustained injuries to his leg and head.

Anthony filed suit against Hall on December 19, 1990. On September 20, 1993, the trial court granted summary judgment in favor of Hall.

### Discussion and Decision

Upon review of a grant of summary judgment, we apply the same legal standard as the trial court: summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C); *Marathon Petroleum Co. v. Colonial Motel Properties, Inc* (1990), Ind.App., 550 N.E.2d 778. On review, we may not search the entire record to support the judgment, but may consider only that evidence which had been specifically designated to the trial court. *Keating v. Burton* (1993), Ind.App., 617 N.E.2d 588, *reh'g denied, trans. denied.* The party appealing the trial court's grant of summary judgment has the burden to persuade this court that the trial court's decision was erroneous. *Indiana Republican State Committee v. Slaymaker* (1993), Ind.App., 614 N.E.2d 981.

Summary judgment is particularly inappropriate in negligence actions. *Barsz v. Max Shapiro, Inc.* (1992), Ind.App., 600 N.E.2d 151. The determination of whether a defendant's conduct fell below the requisite standard of care is a question for the factfinder. *Jump v. Bank of Versailles* (1992), Ind.App., 586 N.E.2d 873. Any doubt as to a fact, or an inference to be drawn from a fact, is to be resolved in favor of the non-moving party. Even where the trial court believes that the non-movant will not be successful at trial, summary judgment should not be granted where material facts conflict or conflicting inferences are possible. *Haase v. Brousseau* (1987), Ind.App., 514 N.E.2d 1291.

Anthony's action against Hall sounded in negligence. To recover on a theory of negligence, the plaintiff must establish: (1) a duty on the part of the defendant to conform his conduct to a standard of care arising from his relationship with the plaintiff, (2) a failure of the defendant to conform his conduct to the requisite standard of care required by the relationship, and (3) an injury to the plaintiff proximately caused by the breach. *Webb v. Jarvis* (1991), Ind., 575 N.E.2d 992.

All drivers are under a common law duty to maintain a proper outlook while traveling on the roadways. *Koroniotis v. LaPorte Transit, Inc.* (1979), Ind.App., 397 N.E.2d 656. In addition to this common law duty, drivers are also under a statutory duty with regard to pedestrians and children:

Notwithstanding other provisions of this article or a local ordinance, a person who drives a vehicle shall do the following:

(1) Exercise due care to avoid colliding with a pedestrian or a person propelling a human powered vehicle, giving an audible signal when necessary.

(2) Exercise proper caution upon observing a child or an obviously confused, incapacitated or intoxicated person.

IC 9–21–8–37. Here, Hall owed Anthony a duty to maintain a proper outlook and exercise that reasonable care which was necessary to avoid hitting him.

Next, Anthony must demonstrate that Hall failed to conform his conduct to the requisite standard of care. Generally, the question of whether a defendant's conduct fell below that level of care required to be exercised under the circumstances is a question of fact. *Quakenbush v. Lackey* (1993), Ind., 622 N.E.2d 1284.

Here, the trial court found that there was no genuine issue of material fact as to when Hall first saw Anthony. In his deposition, Hall stated that he did not see Anthony until one-tenth of a second before the accident. The only other witness to the accident was Sharon Thompson. Thompson was driving in the northbound lane to the right of Hall, traveling slightly behind him. Thompson testified that she did not believe that Hall could have seen Anthony before the accident because his view was obstructed by a car in the southbound lanes. However, Thompson also testified that from her driving position she could see Anthony step off of the

curb into Madison Avenue, almost get hit by a car while walking across the southbound lanes, and then get struck by Hall.

Hall argues that the undisputed evidence shows that he did not see Anthony until the moment of the accident. However, summary judgment is inappropriate not only where there is a genuine issue of material fact, but also where the facts give rise to conflicting inferences. *Haase, supra*. Under the circumstances here, Hall owed a duty to Anthony to maintain a proper outlook. Evidence that Hall did not see Anthony until the moment of the accident does not mean that Hall's conduct was free from negligence. If Hall failed to see Anthony because he failed to exercise reasonable care (i.e. maintaining a proper outlook), his conduct was negligent. The inquiry encompasses not only when Hall saw Anthony, but when, with the exercise of reasonable care, Hall could have seen Anthony.

Here, the evidence gives rise to conflicting inferences. While Hall testified that he did not see Anthony until the moment of the accident, Thompson testified that she saw Anthony from the time he was standing on the curb until he was struck by Hall's car. Thompson was driving behind and to the right of Hall. A reasonable inference arising from the facts is that if Thompson were able to view Anthony from such a position and for such a length of time, than Hall may have been able to see Anthony if he had exercised reasonable care. Whether Hall could have, is a question for the fact-finder.

Lastly, in order to gain reversal, Anthony must also show that his injuries were proximately caused by Hall's alleged negligence. The designated evidence most favorable to the non-movant showed that Anthony stopped at the corner of the intersection for approximately two seconds and looked both ways. Anthony then stepped off the curb and proceeded to walk across the street. Hall testified, though, that Anthony ran across the street and that he did not see him until it was too late. However, the resolution of this issue is a determination for the fact-finder. If in fact Hall failed to maintain a proper outlook and exercise that caution necessary to avoid hitting Anthony, then there would have been sufficient evidence to support a finding that Hall's negligence proximately caused the accident.

Because there are genuine issues of material fact which needed to be resolved by the fact-finder, summary judgment was inappropriately granted.

Reversed.

RILEY and KIRSCH, JJ., concur.