Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 16 2013, 8:38 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KRISTIN A. MULHOLLAND**
Crown Point, Indiana

ATTORNEY FOR APPELLEES:

**RICHARD D. MARTIN**
Frankfort, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DOUGLAS MOYER & IRK, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  06A05-1203-CC-122 |
| | ) | |
| DAVID M. DUGGER and DIANA DUGGER, | ) | |
| | ) | |
| Appellees-Plaintiffs. | ) | |

APPEAL FROM THE BOONE CIRCUIT COURT
The Honorable J. Jeffrey Edens, Judge
Cause No. 06C01-0801-CC-096

**January 16, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

<u>Case Summary and Issue</u>

Douglas Moyer & Irk ("DMI") appeals the trial court's denial of DMI's motion for summary judgment. DMI raises one consolidated and restated issue: whether the trial court erred in denying the motion for summary judgment. Concluding that the trial court did not err and that genuine issues of material fact exist, we affirm.

<u>Facts and Procedural History</u>

David and Diana Dugger (the "Duggers") are former employees of DMI. Both were hired in 2004 as legal assistants, and by 2007 both were working on arbitrations. Neither is an attorney. In January 2007, DMI conducted performance reviews of the Duggers. The Duggers contend that during this review, DMI proposed a salary change for the Duggers, in which the Duggers would continue to receive their regular salary with a 3.5% annual increase, and would additionally receive the difference between that salary and one third of the fees that their work for DMI generated. Apparently the fee-based income was to be paid quarterly until July 2007, at which point it would be paid monthly. DMI denies that such an agreement was made, but for the purposes of the summary judgment motion conceded the facts as stated by the Duggers.[1]

On April 23, 2007, the Duggers sent DMI a letter demanding their fee-based income for the first quarter, which they calculated to be $5,822.97. The Duggers claim that soon after, DMI agreed to pay the amount, but less 7.65% for the employer's share of social security taxes. On May 4, 2007, DMI paid the Duggers $5,409.14. On July 10, 2007, the

---

[1] DMI contends that any payments to the Duggers above their salaries were discretionary bonuses and/or were paid to avoid disputes.

Duggers sent a letter demanding payment of $9,303.65; on July 20, DMI paid them $8,642.49. On August 1, 2007, the Duggers sent a letter demanding $6,630.44; on August 24, 2007, DMI paid them $6,159.24.[2]

On August 24, 2007, DMI terminated the Duggers' employment following the loss of a large client. Thereafter, the Duggers sent DMI letters demanding payment for their portion of fees received by DMI for work performed while the Duggers were employed with DMI but for which the Duggers had not yet been paid. In 2008, the Duggers filed suit to recover the fee-based income for work done while they were still employed with DMI; to recover the 7.65% deducted from each of the three payments they received before being terminated; and to recover for vacation time that they calculated was earned but for which they had not been compensated. In September, 2011, DMI filed a motion for summary judgment, and, following a hearing on the motion, the court denied the motion. This appeal followed.

Discussion and Decision

I. Standard of Review

> In reviewing a summary judgment this court will apply the same standard employed by the trial court; we will determine whether any genuine issue of material fact exists and whether the law was correctly applied. Moreover, in reviewing the propriety of a summary judgment, the facts alleged by the party opposing the motion must be taken as true. . . . Those facts and inferences [therefrom] are used to determine whether an unresolved material fact is present. A fact is "material" if it facilitates resolution of any of the issues either for or against the party having the burden of proof on that issue.

Haase v. Brousseau, 514 N.E.2d 1291, 1292 (Ind. Ct. App. 1987) (citations omitted).

---

[2] For each of these three payments, adding 7.65% to the amount the Duggers received equals the amount the Duggers requested.

## II. Summary Judgment

Summary judgment is not a substitute for trial, but is a process of terminating cases which can be determined as a matter of law. Id. It is not a procedure for trying facts and weighing evidence. Id. "Even if the trial court believes that the nonmoving party will not be successful at trial, summary judgment should not be entered where material facts conflict or where conflicting inferences are possible." Id.

There are three sub-issues at play in this case: whether the Duggers are owed a portion of money earned by DMI for work done by the Duggers, based on an agreement that the Duggers would receive one third of those fees; whether the Duggers can recover the 7.65% subtracted from fee-based income for which they have already been paid; and whether the Duggers have been properly compensated for vacation time. We conclude that genuine issues of material fact exist for each of these issues, and that therefore the trial court properly denied DMI's motion for summary judgment.[3]

DMI first argues that there are no issues of material fact regarding whether the Duggers are owed more money, because DMI has conceded for the purposes of summary judgment that there was an agreement but that agreement must therefore be a fee-sharing agreement that is void for being contrary to public policy. DMI cites to the case Trotter v. Nelson, in which our supreme court held that a referral-fee agreement which violated the Rules of Professional Conduct was therefore unenforceable because it was contrary to public policy. 684 N.E.2d 1150, 1154 (Ind. 1997), abrogated by Liggett v. Young, 877 N.E.2d 178

---

[3] Apparently the Duggers also moved for summary judgment on the issue of vacation pay.

(Ind. 2007) (abrogated insofar as <u>Trotter</u> provided a cause of action based on a violation of the Rules of Professional Conduct).

The Duggers argue that the agreement was not unpermitted fee-sharing, but rather permissible profit-sharing. <u>See</u> Ind. Professional Conduct Rule 5.4. The Duggers distinguish <u>Trotter</u>, noting that in this case the Duggers participated in the work from which fees would be shared, unlike the referral agreement in <u>Trotter</u>. The Duggers also contend that their work was different because they were not directly supervised by an attorney, and an attorney's involvement and signature were not required for the arbitration work that the Duggers performed. The trial court noted that in order to consider voiding the agreement for being generally against public policy—even if it does not violate a rule of professional conduct—the court must balance five factors, and the outcome of that balancing test here is not clear at this point. We agree with the trial court that it is not clear as a matter of law whether the agreement was an impermissible fee-sharing agreement or a permissible profit-sharing plan, or whether the agreement was otherwise void or unenforceable, and that DMI has therefore failed to carry its burden of showing that there are no genuine issues of material fact.

DMI next argues that to the extent that there was an agreement and it was modified to subtract from the Duggers' pay the 7.65% employer's share of social security withholdings, the Duggers voluntarily agreed to that modification. The Duggers however argue that the modification was not voluntary, and the record is somewhat equivocal as to whether the Duggers voluntarily agreed to the modification. The Duggers also argue that having an employee pay the employer's share of social security withholding is contrary to IRS

5

requirements. There are therefore questions left open on this issue, such that summary judgment would have been inappropriate.

Finally, DMI argues that because of the way vacation time accrued at DMI, the Duggers were compensated not only for vacation time they had earned while employed, but additional vacation time that would have been earned through the end of their anniversary dates with the firm. The Duggers claim that they were not compensated for a pro rata share of vacation time through the date of their termination. DMI agrees that the Duggers were entitled to a pro rata share of vacation time at the time of their termination, but disagrees that the Duggers received less than a pro rata share. The Duggers quote a portion of DMI's employee manual regarding vacation time, but the manual indicates how much time is accrued for a given number of years' service, not how or when that time is accrued. The trial court found that there was a question of fact regarding whether DMI's policy precludes the Duggers' claim for vacation time, and we agree. Despite the Duggers' argument to the contrary, how vacation time is accrued is an issue here, and is a material issue that is unresolved. Neither party is entitled to summary judgment on this issue, and the trial court was correct to deny summary judgment.

Conclusion

Concluding that there are genuine issues of material fact as to all issues presented here, we affirm the trial court's denial of summary judgment.

Affirmed.

MAY, J., and PYLE, J., concur.

6